No. 23-70009

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

TERRY PITCHFORD,
*Petitioner-Appellee,*

*v.*

BURL CAIN, COMMISSIONER, MISSISSIPPI DEPARTMENT OF CORRECTIONS;
LYNN FITCH, ATTORNEY GENERAL FOR THE STATE OF MISSISSIPPI,
*Respondents-Appellants.*

Appeal from the United States District Court
for the Northern District of Mississippi
No. 4:18-cv-00002-MPM

## RESPONDENTS-APPELLANTS' RECORD EXCERPTS

LYNN FITCH
  *Attorney General*
SCOTT G. STEWART
  *Solicitor General*
JUSTIN L. MATHENY
ANTHONY M. SHULTS
  *Deputy Solicitors General*
LADONNA C. HOLLAND
ALLISON K. HARTMAN
  *Special Assistant Attorneys General*
MISSISSIPPI ATTORNEY
  GENERAL'S OFFICE
P.O. Box 220
Jackson, MS 39205-0220
Telephone: (601) 359-3680
E-mail: Allison.Hartman@ago.ms.gov

*Counsel for Respondents-Appellants*

# RECORD EXCERPTS
# TABLE OF CONTENTS

| TAB | | RECORD CITATION |
|---|---|---|
| 1 | Docket Sheet, No. 4:18-cv-00002-MPM | ROA.1-20 |
| 2 | Notice of Appeal | ROA.18062-18063 |
| 3 | Final Judgment Granting Habeas Relief | ROA.18061 |
| 4 | Memorandum Opinion and Order Granting Habeas Relief | ROA.18041-18060 |
| 5 | Excerpt of Voir Dire Transcript | ROA.17954-17964 |

# TAB
# 1

Docket Sheet, No. 4:18-cv-00002-MPM

# U.S. District Court
# Northern District of Mississippi (Greenville Division)
# CIVIL DOCKET FOR CASE #: 4:18-cv-00002-MPM
# Internal Use Only

| | |
|---|---|
| Pitchford v. Cain et al | Date Filed: 01/03/2018 |
| Assigned to: District Judge Michael P. Mills | Date Terminated: 12/12/2023 |
| Case in other court: United States Court of Appeals, 5th Circuit, 23-70009 | Jurisdiction: Federal Question |

**Petitioner**

**Terry Pitchford**                    represented by    **Jason Scott Gilbert**
WATKINS & EAGER
400 East Capitol Street
Jackson, MS 39201
601-965-1922
Email: sgilbert@watkinseager.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joseph Perkovich**
Phillips Black, Inc.
P.O. Box 4544
450 Lexington Ave.
New York, NY 10163-4544
212-400-1660
Fax: 888-543-4964
Email: j.perkovich@phillipsblack.org
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jenny Osborne**
Phillips Black, Inc.
1901 S. 9th Street
Suite #608
Philadelphia, PA 19148
Email: J.Osborne@phillipsblack.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

V.

**Respondent**

**Burl Cain**                    represented by    **Cameron L. Benton**
*MDOC Commissioner*                                MISSISSIPPI ATTORNEY GENERAL'S
OFFICE - 220
P. O. Box 220

Jackson, MS 39205-0220
901-680-7333
Fax: 901-680-7201
Email: cbent@ago.state.ms.us
*TERMINATED: 11/12/2020*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Candice L. Rucker**
OFFICE OF THE ATTORNEY GENERAL
550 High Street
Suite #1300
Jackson, MS 39205
601-209-1250
Email: candice.rucker@ago.ms.gov
*TERMINATED: 07/05/2022*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Allison Kay Hartman**
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 220
550 High Street
13th Floor
Jackson, MS 39205
601-359-1343
Email: allison.hartman@ago.ms.gov
*ATTORNEY TO BE NOTICED*

**LaDonna C. Holland**
Mississippi Attorney General's Office
Criminal Litigation
P.O. Box 220
Jackson, MS 39205
601-359-3827
Email: ladonna.holland@ago.ms.gov
*ATTORNEY TO BE NOTICED*

**Respondent**

| | | |
|---|---|---|
| **Lynn Fitch**<br>*Attorney General for the State of Mississippi* | represented by | **Cameron L. Benton**<br>(See above for address)<br>*TERMINATED: 11/12/2020*<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Candice L. Rucker**<br>(See above for address)<br>*TERMINATED: 07/05/2022*<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Allison Kay Hartman**<br>(See above for address) |

*ATTORNEY TO BE NOTICED*

**LaDonna C. Holland**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Respondent**

**Pelicia Hall**                                   represented by   **Cameron L. Benton**
*Commissioner, Mississippi Department of*                          (See above for address)
*Corrections*                                                      *TERMINATED: 11/12/2020*
*TERMINATED: 06/25/2020*                                           *LEAD ATTORNEY*
                                                                   *ATTORNEY TO BE NOTICED*

**Respondent**

**Jim Hood**                                       represented by   **Cameron L. Benton**
*Attorney General of the State of Mississippi*                     (See above for address)
*TERMINATED: 06/25/2020*                                           *TERMINATED: 11/12/2020*
                                                                   *LEAD ATTORNEY*
                                                                   *ATTORNEY TO BE NOTICED*

                                                                   **Candice L. Rucker**
                                                                   (See above for address)
                                                                   *TERMINATED: 07/05/2022*
                                                                   *LEAD ATTORNEY*
                                                                   *ATTORNEY TO BE NOTICED*

Email All Attorneys  Email All Attorneys and Additional Recipients

| Date Filed | # | Docket Text |
|---|---|---|
| 01/03/2018 | 1 (p.21) | MOTION to Appoint Counsel by Terry Pitchford. (Attachments: # 1 (p.21) Exhibit 1) (tab) (Additional attachment(s) added on 1/8/2018: # 2 (p.18116) Civil Cover Sheet) (tab). (Main Document 1 and Attachment 2 replaced on 1/12/2024 with flattened pdf versions of same) (jla). (Entered: 01/08/2018) |
| 01/03/2018 | 2 (p.18116) | MOTION to Proceed in forma pauperis by Terry Pitchford. (tab) (Entered: 01/08/2018) |
| 01/08/2018 | | NOTICE OF ASSIGNMENT. Case assigned to Judge Michael P. Mills (tab) |
| 01/30/2018 | 3 (p.38) | MOTION to Appoint Counsel *(Amend)* by Terry Pitchford. (Attachments: # 1 (p.21) Exhibit "1" Affidavit of Perkovich, # 2 (p.18116) Exhibit "2" Affidavit of Osborne, # 3 (p.38) Exhibit "3" Affidavit of Welling) (Gilbert, Jason) |
| 02/06/2018 | 4 (p.48) | NOTICE of Attorney Appearance by Cameron L. Benton on behalf of Jim Hood (Benton, Cameron) |
| 02/27/2018 | 5 (p.51) | ORDER granting 1 (p.21) , 3 (p.38) Motion to Appoint Counsel Appointed Joseph Perkovitch and J. Scott Gilbert for Terry Pitchford; granting 2 (p.18116) Motion for Leave to Proceed in forma pauperis. Signed by District Judge Michael P. Mills on 2/27/18. (jtm) |
| 03/12/2018 | 6 (p.53) | |

| | | MOTION Motion for Appointment of Counsel Nunc Pro Tunc by Terry Pitchford. (Perkovich, Joseph) |
|---|---|---|
| 03/12/2018 | 7 (p.58) | MOTION for Leave to File Ex Parte and Under Seal Petitioner's Motion to Approve Litigation Budget by Terry Pitchford. (Perkovich, Joseph) |
| 03/12/2018 | 8 (p.18118) | (Ex Parte) Ex Parte MOTION *to Approve Litigation Budget* by Terry Pitchford. (Perkovich, Joseph) |
| 03/16/2018 | 9 (p.18150) | (Ex Parte) Ex Parte MOTION *for Leave to File Motion for Authorization of Attorney Travel* by Terry Pitchford. (Attachments: # 1 (p.21) Ex Parte and Under Seal Motion for Authorization of Attorney Travel) (Perkovich, Joseph) |
| 03/21/2018 | 10 (p.18157) | ORDER granting 9 (p.18150) Ex Parte Motion Authorizing Attorney Travel. Signed by District Judge Michael P. Mills on 3/21/18. (jtm) |
| 03/22/2018 | 11 (p.18159) | (Ex Parte) Ex Parte MOTION *for leave to amend proposed litigation budget* by Terry Pitchford. (Perkovich, Joseph) |
| 03/22/2018 | 12 (p.18162) | (Ex Parte) Amended Ex Parte MOTION *to Approve Litigation Budget* by Terry Pitchford. (Perkovich, Joseph) |
| 03/27/2018 | 13 (p.62) | ORDER DENYING 6 (p.53) Motion for nunc pro tunc appointment ;GRANTING 7 (p.58) Motion for leave to file a motion to approve litigation budget ex parte, under seal ; DENYING 8 (p.18118) Ex Parte Motion to approve litigation budget; GRANTING 11 (p.18159) Ex Parte Motion for leave to file a motion to approve litigation budget ex parte, under seal; DENYING 12 (p.18162) Ex Parte Motion for leave to file a motion to approve litigation budget. Signed by District Judge Michael P. Mills on 3/27/18. (tab) |
| 04/25/2018 | | Remark Doc. 13 (p.62) Initially filed as restricted, non-public document. As of 4/25/18 the document is filed as public, non-restricted. (tab) |
| 05/15/2018 | 14 (p.18194) | (Ex Parte) Ex Parte MOTION *for attorney travel authorization* by Terry Pitchford. (Perkovich, Joseph) |
| 05/15/2018 | 15 (p.18197) | EX PARTE ORDER granting 14 (p.18194) Ex Parte Motion authorizing attorney travel. Signed by District Judge Michael P. Mills on 5/15/18. (tab) |
| 05/23/2018 | 16 (p.65) | MOTION for Leave to File Ex Parte and Under Seal by Terry Pitchford. (Perkovich, Joseph) |
| 05/23/2018 | 17 (p.18198) | (Ex Parte) Ex Parte MOTION *for Funding for Specialists and Accompanying Memorandum of Law in Support* by Terry Pitchford. (Attachments: # 1 (p.21) Exhibit 1, # 2 (p.18116) Exhibit 2, # 3 (p.38) Exhibit 3, # 4 (p.48) Exhibit 4) (Perkovich, Joseph) |
| 05/25/2018 | 18 (p.18282) | (Ex Parte) Ex Parte MOTION *for Budget Conference* by Terry Pitchford. (Attachments: # 1 (p.21) Appendix 1, # 2 (p.18116) Appendix 2) (Perkovich, Joseph) |
| 06/04/2018 | 19 (p.70) | RESPONSE in Opposition re 7 (p.58) MOTION for Leave to File Ex Parte and Under Seal Petitioner's Motion to Approve Litigation Budget filed by Pelicia Hall, Jim Hood. (Benton, Cameron) |
| 06/08/2018 | 20 (p.77) | REPLY to Response to Motion re 16 (p.65) MOTION for Leave to File Ex Parte and Under Seal filed by Terry Pitchford. (Perkovich, Joseph) |

| 06/08/2018 | | (Court only) ***Staff notes; emailed Attorney Perkovich and Attorney Gilbert re local counsel signature on all pleadings filed (Doc 20 (p.77) ) (jla) |
|---|---|---|
| 06/19/2018 | 21 (p.82) | MOTION for Leave to File *Ex Parte and Under Seal Petitioner's Motion for Expert Assistance* by Terry Pitchford. (Perkovich, Joseph) |
| 06/19/2018 | 22 (p.18333) | (Ex Parte) Ex Parte MOTION *for Expert Assistance* by Terry Pitchford. (Attachments: # 1 (p.21) Exhibit 1, # 2 (p.18116) Exhibit 2, # 3 (p.38) Exhibit 3) (Perkovich, Joseph) |
| 06/20/2018 | | (Court only) ***Staff notes; emailed Attorney Perkovich re Exhibit Descriptions (Doc 22 (p.18333) ) (jla) |
| 06/29/2018 | 23 (p.87) | RESPONSE in Opposition re 21 (p.82) MOTION for Leave to File *Ex Parte and Under Seal Petitioner's Motion for Expert Assistance* filed by Pelicia Hall, Jim Hood. (Benton, Cameron) |
| 07/02/2018 | 24 (p.18401) | *SEALED* SEALED ORDER granting in part, denying in part re 18 (p.18282) Ex Parte MOTION *for Budget Conference* filed by Terry Pitchford. Signed by District Judge Michael P. Mills on 7/2/18. (tab) |
| 07/02/2018 | | (Court only) ***Staff note: Copy 24 (p.18401) Ex Parte Order forwarded to plaintiff's attorney (tab) |
| 07/02/2018 | 25 (p.94) | REPLY to Response to Motion re 21 (p.82) MOTION for Leave to File *Ex Parte and Under Seal Petitioner's Motion for Expert Assistance* filed by Terry Pitchford. (Perkovich, Joseph) |
| 07/02/2018 | | (Court only) ***Motions terminated per Order 24 (p.18401) : 18 (p.18282) Ex Parte MOTION *for Budget Conference* filed by Terry Pitchford. (jtm) (Entered: 07/09/2018) |
| 07/05/2018 | 26 (p.18407) | (Ex Parte) Ex Parte MOTION *for attorney travel authorization* by Terry Pitchford. (Perkovich, Joseph) |
| 07/06/2018 | | (Court only) ***Staff notes; emailed Attorney Perkovich re Local Rule 11 requirements (Doc 25 (p.94) ) (jla) |
| 07/11/2018 | 27 (p.98) | ORDER denying 16 (p.65) Motion for Leave to File Ex Parte and Under Seal ; denying 21 (p.82) Motion for Leave to File Ex Parte and Under Seal Petitioner's Motion for Expert Assistance. Signed by District Judge Michael P. Mills on 7/11/18. (jtm) |
| 07/11/2018 | | (Court only) ***Motions terminated: 17 (p.18198) Ex Parte MOTION *for Funding for Specialists and Accompanying Memorandum of Law in Support* filed by Terry Pitchford, 22 (p.18333) Ex Parte MOTION *for Expert Assistance* filed by Terry Pitchford. (jtm) |
| 07/11/2018 | 28 (p.18410) | Ex Parte ORDER granting 26 (p.18407) Ex Parte Motion for attorney travel authorization. Signed by District Judge Michael P. Mills on 7/11/18. (jtm) |
| 07/26/2018 | 29 (p.18411) | (Ex Parte) Ex Parte MOTION *for attorney travel authorization* by Terry Pitchford. (Perkovich, Joseph) |
| 07/30/2018 | 30 (p.18414) | ORDER granting in part and denying in part 29 (p.18411) Ex Parte Motion. Signed by District Judge Michael P. Mills on 7/30/18. (jtm) (Entered: 07/31/2018) |
| 08/15/2018 | | |

| | | |
|---|---|---|
| | 31 (p.18416) | (Ex Parte) Ex Parte MOTION *for attorney travel authorization* by Terry Pitchford. (Perkovich, Joseph) |
| 08/16/2018 | 32 (p.18419) | ORDER granting 31 (p.18416) Ex Parte Motion for attorney travel authorization. Signed by District Judge Michael P. Mills on 8/16/18. (jtm) |
| 08/17/2018 | 33 (p.18420) | *SEALED* SEALED Order. Signed by Carl E. Stewart on 8/14/18. (tab) |
| 09/04/2018 | 34 (p.18422) | (Ex Parte) Ex Parte MOTION *for client contact visit* by Terry Pitchford. (Perkovich, Joseph) |
| 09/05/2018 | 35 (p.18425) | *SEALED* SEALED ORDER. Signed by District Judge Michael P. Mills on 9/5/18. (tab) |
| 09/05/2018 | | (Court only) Staff Note: Copy of Doc 35 (p.18425) emailed to Petitioner's counsel (tab) |
| 09/17/2018 | 36 (p.100) | PETITION for Writ *of Habeas Corpus* by Terry Pitchford. (Perkovich, Joseph) |
| 09/18/2018 | 37 (p.382) | EXHIBIT re 36 (p.100) PETITION for Writ *of Habeas Corpus* . (Attachments: # 1 (p.21) Appendix Part 1 of 3) (Perkovich, Joseph) |
| 09/18/2018 | 38 (p.710) | EXHIBIT re 36 (p.100) PETITION for Writ *of Habeas Corpus* . (Attachments: # 1 (p.21) Appendix Part 2 of 3) (Perkovich, Joseph) |
| 09/18/2018 | 39 (p.1052) | EXHIBIT re 36 (p.100) PETITION for Writ *of Habeas Corpus* . (Attachments: # 1 (p.21) Appendix Part 3 of 3) (Perkovich, Joseph) |
| 09/18/2018 | 40 (p.1488) | SCHEDULING ORDER. Signed by District Judge Michael P. Mills on 9/18/18. (jtm) |
| 10/12/2018 | 41 (p.1490) | MOTION for Leave to File *Ex Parte and Under Seal Petitioner's Motion for Investigative Assistance* by Terry Pitchford. (Perkovich, Joseph) |
| 10/12/2018 | 42 (p.1503) | MOTION *for Investigative Assistance* by Terry Pitchford. (Attachments: # 1 (p.21) Exhibit Declaration of Russell Stetler, # 2 (p.18116) Exhibit Albert Grandoit Resume, # 3 (p.38) Exhibit Lela Hubbard Resume) (Perkovich, Joseph) |
| 10/18/2018 | 43 (p.1567) | MOTION FOR FUNDING FOR EXPERT ASSISTANCE AND FOR AN ORDER PERMITTING CONTACT VISITATION BY SAID EXPERT by Terry Pitchford. (Attachments: # 1 (p.21) Exhibit Exhibit 1, Dr. Hamm dec and CV, # 2 (p.18116) Exhibit Proposed Order, contact visitation) (Perkovich, Joseph) |
| 11/06/2018 | 44 (p.1603) | MOTION TO GRANT PREVIOUSLY FILED MOTIONS AS UNOPPOSED re 43 (p.1567) MOTION FOR FUNDING FOR EXPERT ASSISTANCE AND FOR AN ORDER PERMITTING CONTACT VISITATION BY SAID EXPERT , 41 (p.1490) MOTION for Leave to File *Ex Parte and Under Seal Petitioner's Motion for Investigative Assistance* by Terry Pitchford. (Perkovich, Joseph) |
| 11/06/2018 | 45 (p.1606) | First MOTION for Extension of Time to File Response/Reply as to 43 (p.1567) MOTION FOR FUNDING FOR EXPERT ASSISTANCE AND FOR AN ORDER PERMITTING CONTACT VISITATION BY SAID EXPERT , 44 (p.1603) MOTION TO GRANT PREVIOUSLY FILED MOTIONS AS UNOPPOSED re 43 (p.1567) MOTION FOR FUNDING FOR EXPERT ASSISTANCE AND FOR AN ORDER PERMITTING CONTACT VISITATION BY SAID EXPERT , 41 (p.1490) MOTION for Leave to File *Ex Parte and Under Seal Petitione, 41* |

| | | |
|---|---|---|
| | | *(p.1490)* MOTION for Leave to File Ex Parte and Under Seal Petitioner's Motion for Investigative Assistance by Pelicia Hall, Jim Hood. (Benton, Cameron) |
| 11/06/2018 | 46 (p.18426) | (Ex Parte) Ex Parte MOTION *for Authorization of Attorney Travel* by Terry Pitchford. (Perkovich, Joseph) |
| 11/06/2018 | 47 (p.18429) | (Ex Parte) Ex Parte MOTION *for Client Contact Visit* by Terry Pitchford. (Perkovich, Joseph) |
| 11/06/2018 | 48 (p.1610) | RESPONSE to Motion re 45 (p.1606) First MOTION for Extension of Time to File Response/Reply as to 43 (p.1567) MOTION FOR FUNDING FOR EXPERT ASSISTANCE AND FOR AN ORDER PERMITTING CONTACT VISITATION BY SAID EXPERT , 44 (p.1603) MOTION TO GRANT PREVIOUSLY FILED MOTIONS AS UNOPPOSED filed by Terry Pitchford. (Perkovich, Joseph) |
| 11/07/2018 | 49 (p.18431) | ORDER granting re 47 (p.18429) Ex Parte MOTION *for Client Contact Visit* filed by Terry Pitchford. Signed by District Judge Michael P. Mills on 11/7/18. (tab) Modified on 2/12/2019 (jtm). |
| 11/07/2018 | 50 (p.18432) | ORDER granting re 46 (p.18426) Ex Parte MOTION *for Authorization of Attorney Travel* filed by Terry Pitchford. Signed by District Judge Michael P. Mills on 11/7/18. (tab) Modified on 2/12/2019 (jtm). |
| 11/07/2018 | | (Court only) ***Staff notes: Copy of documents 49 (p.18431) , 50 (p.18432) emailed to plaintiff's counsel (tab) |
| 11/14/2018 | 51 (p.1614) | MOTION for Discovery *under Rule 6 of the Rules Governing Section 2254 Cases* by Terry Pitchford. (Attachments: # 1 (p.21) Appendix Proposed Order) (Perkovich, Joseph) |
| 11/15/2018 | | (Court only) ***Motions terminated: 46 (p.18426) Ex Parte MOTION *for Authorization of Attorney Travel* filed by Terry Pitchford, 47 (p.18429) Ex Parte MOTION *for Client Contact Visit* filed by Terry Pitchford. Motions granted, see 49 (p.18431) , 50 (p.18432) . (jtm) |
| 11/15/2018 | 52 (p.1641) | MOTION for Extension of Time to File Response/Reply *to Petitioner's Motion for Discovery* by Pelicia Hall, Jim Hood. (Benton, Cameron) |
| 11/26/2018 | 53 (p.1645) | MEMORANDUM AND ORDER. Signed by District Judge Michael P. Mills on 11/26/18. (jtm) |
| 11/26/2018 | | (Court only) Staff Note: Copy of Doc 53 (p.1645) emailed to 5th Circuit Court of Appeals this date. (jtm) |
| 11/26/2018 | 54 (p.1651) | ORDER Permitting Contact Visitation. Signed by District Judge Michael P. Mills on 11/26/18. (jtm) |
| 12/03/2018 | 55 (p.1652) | ORDER granting 52 (p.1641) Motion for Extension of Time to File Response re 51 (p.1614) MOTION for Discovery *under Rule 6 of the Rules Governing Section 2254 Cases* Response due by 12/11/2018. Signed by District Judge Michael P. Mills on 12/3/18. (tab) |
| 12/04/2018 | 56 (p.1653) | MOTION [Unopposed], Revised Scheduling Order re 40 (p.1488) Scheduling Order by Terry Pitchford. (Perkovich, Joseph) |
| 12/06/2018 | 57 (p.1657) | REVISED SCHEDULING ORDER granting 56 (p.1653) Motion. Signed by District Judge Michael P. Mills on 12/6/18. (tab) |

| | | |
|---|---|---|
| 12/11/2018 | 58 (p.1660) | RESPONSE to Motion re 51 (p.1614) MOTION for Discovery *under Rule 6 of the Rules Governing Section 2254 Cases* filed by Pelicia Hall, Jim Hood. (Attachments: # 1 (p.21) Exhibit MSSCT Order Feb. 14, 2013, # 2 (p.18116) Exhibit Trial transcript excerpts, # 3 (p.38) Exhibit Supp. Discovery Disclosure Jan. 27, 2006) (Benton, Cameron) |
| 12/21/2018 | 59 (p.1705) | REPLY to Response to Motion re 51 (p.1614) MOTION for Discovery *under Rule 6 of the Rules Governing Section 2254 Cases* filed by Terry Pitchford. (Attachments: # 1 (p.21) Exhibit 1, # 2 (p.18116) Exhibit 2, # 3 (p.38) Exhibit 3, # 4 (p.48) Exhibit 4, # 5 (p.51) Exhibit 5, # 6 (p.53) Exhibit 6, # 7 (p.58) Exhibit 7, # 8 (p.18118) Exhibit 8, # 9 (p.18150) Exhibit 9, # 10 (p.18157) Exhibit 10, # 11 (p.18159) Exhibit 11, # 12 (p.18162) Exhibit 12) (Perkovich, Joseph) |
| 01/02/2019 | 60 (p.1895) | ORDER granting 51 (p.1614) Motion for Discovery. Signed by District Judge Michael P. Mills on 1/2/19. (jtm) |
| 01/04/2019 | 61 (p.18433) | *SEALED* SEALED INVESTIGATOR AND EXPERT FUNDING ORDER. Signed on 12/21/18. (jtm) |
| 01/04/2019 | | (Court only) Staff Note: Copy of Doc 61 (p.18433) emailed to Petitioner's counsel this date. (jtm) |
| 02/11/2019 | 62 (p.18435) | (Ex Parte) Ex Parte MOTION *for attorney travel authorization* by Terry Pitchford. (Perkovich, Joseph) |
| 02/12/2019 | 63 (p.18439) | ORDER granting 62 (p.18435) Ex Parte Motion. Signed by District Judge Michael P. Mills on 2/12/19. (jtm) |
| 02/22/2019 | 64 (p.1898) | MOTION *for Expert Assistance* by Terry Pitchford. (Attachments: # 1 (p.21) Exhibit 1: Respondent's written discovery response, # 2 (p.18116) Exhibit 2: Feb. 11, 2019, email, # 3 (p.38) Exhibit 3: Law enforcement notes, # 4 (p.48) Exhibit 4: MCL report) (Perkovich, Joseph) |
| 03/12/2019 | 65 (p.1928) | MOTION Authorization of Expert Services re 64 (p.1898) MOTION *for Expert Assistance [Renewed]* by Terry Pitchford. (Perkovich, Joseph) |
| 03/13/2019 | 66 (p.1931) | ORDER denying motions for funding 64 (p.1898) & 65 (p.1928) . Signed by District Judge Michael P. Mills on 3/13/19. (jtm) |
| 03/18/2019 | 67 (p.1933) | MOTION to Re-Allocate Existing Expert Funds re 53 (p.1645) Order on Motion for Leave to File, Order on Ex Parte Motion, Order on Motion for Miscellaneous Relief,, Order on Motion for Extension of Time to File Response/Reply by Terry Pitchford. (Perkovich, Joseph) |
| 03/21/2019 | 68 (p.1936) | ORDER granting 67 (p.1933) Motion to Re-Allocate Existing Expert Funds. Signed by District Judge Michael P. Mills on 3/21/19. (jtm) |
| 05/23/2019 | 69 (p.1937) | NOTICE by Joseph Perkovich on behalf of Terry Pitchford *Joint Notice of Ongoing Discovery* (Perkovich, Joseph) |
| 07/10/2019 | 70 (p.1939) | NOTICE by Joseph Perkovich on behalf of Terry Pitchford re 69 (p.1937) Notice (Other) *on Ongoing Discovery* (Perkovich, Joseph) |
| 07/26/2019 | 71 (p.18440) | (Ex Parte) Ex Parte MOTION *for Client Contact Visitation* by Terry Pitchford. (Attachments: # 1 (p.21) Proposed Order) (Perkovich, Joseph) |
| 07/26/2019 | 72 | TEMPORARY STANDING ORDER GRANTING CLIENT CONTACT |

| | | |
|---|---|---|
| | (p.18444) | VISITATION re 71 (p.18440) Ex Parte Motion. Signed by District Judge Michael P. Mills on 7/26/2019. (lpm) |
| 07/31/2019 | 73 (p.1942) | NOTICE by Joseph Perkovich on behalf of Terry Pitchford re 69 (p.1937) Notice (Other) *Supplemental Notice of Ongoing Discovery* (Perkovich, Joseph) |
| 08/30/2019 | 74 (p.1945) | NOTICE by Joseph Perkovich on behalf of Terry Pitchford re 60 (p.1895) Order on Motion for Discovery *FURTHER SUPPLEMENTAL NOTICE OF ONGOING DISCOVERY* (Perkovich, Joseph) |
| 09/30/2019 | 75 (p.1948) | NOTICE by Joseph Perkovich on behalf of Terry Pitchford re 60 (p.1895) Order on Motion for Discovery *Further Supplemental Notice of Ongoing Discovery* (Perkovich, Joseph) |
| 10/25/2019 | 76 (p.18446) | (Ex Parte) Ex Parte MOTION *For Client Contact Visitation* by Terry Pitchford. (Attachments: # 1 (p.21) Proposed Order) (Perkovich, Joseph) |
| 10/30/2019 | 77 (p.1951) | NOTICE by Joseph Perkovich on behalf of Terry Pitchford *Regarding Ongoing Discovery* (Perkovich, Joseph) |
| 10/31/2019 | 78 (p.18450) | TEMPORARY STANDING ORDER GRANTING CLIENT CONTACT VISITATION Re 76 (p.18446) Ex Parte Motion. Signed by District Judge Michael P. Mills on 10/31/2019. (lpm) |
| 11/26/2019 | 79 (p.1954) | NOTICE by Joseph Perkovich on behalf of Terry Pitchford re 60 (p.1895) Order on Motion for Discovery *Updating Discovery* (Perkovich, Joseph) |
| 11/27/2019 | 80 (p.18452) | (Ex Parte) Ex Parte MOTION *for Authorization of Attorney Travel* by Terry Pitchford. (Perkovich, Joseph) |
| 12/02/2019 | 81 (p.18454) | ORDER granting 80 (p.18452) Ex Parte Motion. Signed by District Judge Michael P. Mills on 12/2/2019. (lpm) |
| 01/13/2020 | 82 (p.1957) | NOTICE by Joseph Perkovich on behalf of Terry Pitchford re 60 (p.1895) Order on Motion for Discovery (Perkovich, Joseph) |
| 01/21/2020 | 83 (p.1960) | Supplemental MOTION for Discovery by Terry Pitchford. (Perkovich, Joseph) |
| 01/21/2020 | 84 (p.2011) | EXHIBIT re 83 (p.1960) Supplemental MOTION for Discovery . (Attachments: # 1 (p.21) Appendix Appendix to Renewed and Supplemental Motion for Discovery) (Perkovich, Joseph) |
| 02/05/2020 | 85 (p.2162) | First MOTION for Extension of Time to File Response/Reply *to Petitioner's Motion for Renewed Discovery* re 83 (p.1960) Supplemental MOTION for Discovery by Pelicia Hall, Jim Hood. (Benton, Cameron) Modified on 2/6/2020 (jla). |
| 02/05/2020 | 86 (p.2165) | ORDER granting 85 (p.2162) Motion for Extension of Time to File Response re 83 (p.1960) Supplemental MOTION for Discovery. Response due by 2/19/2020. Signed by District Judge Michael P. Mills on 2/5/20. (ab) |
| 02/14/2020 | 87 (p.2166) | Second MOTION for Extension of Time to File Response/Reply re 83 (p.1960) Supplemental Motion for Discovery by Pelicia Hall, Jim Hood. (Benton, Cameron) Modified on 2/18/2020 (jla). |
| 02/18/2020 | 88 (p.2169) | ORDER granting 87 (p.2166) Second Motion for Extension of Time. Signed by District Judge Michael P. Mills on 2/18/20. (ab) |

| 02/18/2020 | | Set/Reset Deadlines as to 83 (p.1960) Supplemental MOTION for Discovery . Responses due by 3/4/2020 (jla) |
|---|---|---|
| 03/04/2020 | 89 (p.2170) | MOTION for Discovery *on Jury Discrimination* by Terry Pitchford. (Attachments: # 1 (p.21) Exhibit State's Annotated Venire Lists, # 2 (p.18116) Appendix Compiled Notations on African-American Members from the State's Venire Lists, # 3 (p.38) Appendix Miss. Fifth Circuit Judicial District Empaneled Prosecutions: 1992-2019) (Perkovich, Joseph) |
| 03/04/2020 | 90 (p.2210) | RESPONSE in Opposition re 87 (p.2166) MOTION for Extension of Time to File Response/Reply re 83 (p.1960) Supplemental Motion for Discovery filed by Jim Hood. (Attachments: # 1 (p.21) Affidavit Doug Evans, # 2 (p.18116) Affidavit Greg Conley) (Benton, Cameron) |
| 03/11/2020 | 91 (p.2238) | REPLY to Response to Motion re 83 (p.1960) Supplemental MOTION for Discovery filed by Terry Pitchford. (Attachments: # 1 (p.21) Exhibit Exhibit 1, # 2 (p.18116) Exhibit Exhibit 2, # 3 (p.38) Exhibit Exhibit 3, # 4 (p.48) Exhibit Exhibit 4) (Perkovich, Joseph) |
| 03/17/2020 | 92 (p.2339) | RESPONSE in Opposition re 89 (p.2170) MOTION for Discovery *on Jury Discrimination* filed by Jim Hood. (Benton, Cameron) |
| 03/18/2020 | 93 (p.2350) | ORDER granting in part and denying in part 83 (p.1960) Petitioner's Motion for Discovery. Signed by District Judge Michael P. Mills on 3/18/20. (ab) |
| 03/24/2020 | 94 (p.2354) | REPLY to Response to Motion re 89 (p.2170) MOTION for Discovery *on Jury Discrimination* filed by Terry Pitchford. (Perkovich, Joseph) |
| 04/06/2020 | 95 (p.2370) | ORDER granting in part and denying in part 89 (p.2170) Motion for Jury Discrimination Discovery. Signed by District Judge Michael P. Mills on 4/6/2020. (jtm) |
| 06/23/2020 | 96 (p.2373) | NOTICE by Candice L. Rucker on behalf of Jim Hood *Notice of Substitution and Withdrawal of Counsel* (Rucker, Candice) |
| 06/24/2020 | 97 (p.2375) | MOTION to Substitute Party *Unopposed Motion to Substitute Successors of Originally Named Public Officers* by Jim Hood. (Rucker, Candice) |
| 06/25/2020 | 98 (p.2378) | ORDER granting 97 (p.2375) Motion to Substitute Party. Signed by District Judge Michael P. Mills on 6/25/2020. (tab) |
| 07/15/2020 | 99 (p.2379) | NOTICE of Attorney Appearance by Allison Kay Hartman on behalf of Burl Cain, Lynn Fitch (Hartman, Allison) |
| 07/16/2020 | | (Court only) ***Attorney Allison Kay Hartman for Burl Cain,Allison Kay Hartman for Lynn Fitch added. (tab) |
| 10/20/2020 | 100 (p.2381) | NOTICE to Take Deposition of Claire Nethery by Jason Scott Gilbert on behalf of Terry Pitchford (Gilbert, Jason) |
| 10/20/2020 | 101 (p.2383) | NOTICE to Take Deposition of Steve Byrd by Jason Scott Gilbert on behalf of Terry Pitchford (Gilbert, Jason) |
| 10/20/2020 | 102 (p.2385) | NOTICE to Take Deposition of Chris Wise by Jason Scott Gilbert on behalf of Terry Pitchford (Gilbert, Jason) |
| 10/21/2020 | 103 (p.2387) | ORDER directing Petitioner to file a progress report regarding progress of discovery with the Court within 90 days from the date of this Order and every 90 |

| | | days thereafter until discovery has concluded.. Signed by District Judge Michael P. Mills on 10/21/2020. (spw) |
|---|---|---|
| 10/23/2020 | 104 (p.2388) | NOTICE to Take Deposition of Dave Zeliff by Jason Scott Gilbert on behalf of Terry Pitchford (Gilbert, Jason) |
| 10/26/2020 | 105 (p.2390) | MOTION to Appear Pro Hac Vice ; Attorney Jenny Osborne,(Paid $150 PHV fee; receipt number 0537-1867902) by Terry Pitchford. (Gilbert, Jason) |
| 10/26/2020 | 106 (p.18455) | (Ex Parte) Ex Parte MOTION *for Travel Authorization* by Terry Pitchford. (Perkovich, Joseph) |
| 10/27/2020 | | (Court only) ***Staff notes; PHV Motion 105 (p.2390) for Jenny Osborne verified (jla) |
| 10/27/2020 | 107 (p.2397) | ORDER granting 105 (p.2390) Motion to Appear Pro Hac Vice; Attorney Jenny Osborne. Signed by District Judge Michael P. Mills on 10/27/20. (jla) |
| 10/29/2020 | 108 (p.2398) | NOTICE OF SERVICE of Supplemental Document Production by Candice L. Rucker on behalf of Lynn Fitch. (Rucker, Candice) Modified on 10/30/2020 (jla). |
| 10/30/2020 | 109 (p.18457) | (Ex Parte) Ex Parte MOTION *for Authorization of Attorney Travel* by Terry Pitchford. (Osborne, Jenny) |
| 11/02/2020 | 110 (p.2400) | RE-NOTICE to Take Deposition of Dave Zeliff by Jason Scott Gilbert on behalf of Terry Pitchford (Gilbert, Jason) Modified on 11/2/2020 (tab). |
| 11/10/2020 | 111 (p.2402) | NOTICE OF SERVICE of Supplemental Document Production by Candice L. Rucker on behalf of Burl Cain, Lynn Fitch to Counsel for Petitioner. (Rucker, Candice) |
| 11/11/2020 | 112 (p.2405) | NOTICE to Take Deposition of Claire Nethery by Jason Scott Gilbert on behalf of Terry Pitchford (Gilbert, Jason) |
| 11/12/2020 | 113 (p.2407) | MOTION to Withdraw as Attorney *Cameron L. Benton* by Lynn Fitch. (Rucker, Candice) |
| 11/12/2020 | 114 (p.2410) | ORDER granting 113 (p.2407) Motion to Withdraw as Attorney. Attorney Cameron L. Benton terminated. Signed by District Judge Michael P. Mills on 11/12/20. (jla) |
| 11/12/2020 | 115 (p.2411) | NOTICE to Take Deposition of Claire Nethery by Jason Scott Gilbert on behalf of Terry Pitchford (Gilbert, Jason) |
| 11/13/2020 | 116 (p.18459) | ORDER granting 106 (p.18455) Ex Parte Motion. Signed by District Judge Michael P. Mills on 11/13/2020. (jla) |
| 11/13/2020 | 117 (p.18460) | ORDER granting 109 (p.18457) Ex Parte Motion. Signed by District Judge Michael P. Mills on 11/13/20. (jla) |
| 11/16/2020 | 118 (p.2413) | PROOF OF SERVICE OF SUBPOENA *to Testify at a Deposition* served on David Zeliff on 11/13/2020 by Jason Scott Gilbert on behalf of Terry Pitchford. (Gilbert, Jason) |
| 11/16/2020 | 119 (p.2415) | PROOF OF SERVICE OF SUBPOENA *to Testify at a Deposition* served on Steve Byrd on 11/10/2020 by Jason Scott Gilbert on behalf of Terry Pitchford. (Gilbert, Jason) |

| | | |
|---|---|---|
| 11/16/2020 | 120 (p.2417) | PROOF OF SERVICE OF SUBPOENA *to Testify at a Deposition* served on Claire Nethery on 11/5/20 by Jason Scott Gilbert on behalf of Terry Pitchford. (Gilbert, Jason) |
| 11/16/2020 | 121 (p.2419) | PROOF OF SERVICE OF SUBPOENA *to Testify at a Deposition* served on Chris Wise on 11/10/2020 by Jason Scott Gilbert on behalf of Terry Pitchford. (Gilbert, Jason) |
| 11/20/2020 | 122 (p.2421) | NOTICE by Jason Scott Gilbert on behalf of Terry Pitchford *Notice of Request for Payment by Non-Party Deponent* (Attachments: # 1 (p.21) Exhibit A - Byrd Deposition Pages 6-7, # 2 (p.18116) Exhibit B - Byrd Invoice) (Gilbert, Jason) |
| 12/01/2020 | 123 (p.18461) | Ex Parte ORDER re: interim payment 8/24/2020-10/29/2020. Signed by District Judge Michael P. Mills on 12/1/2020. (spw) |
| 01/19/2021 | 124 (p.2427) | STATUS REPORT *on Discovery*. (Perkovich, Joseph) |
| 04/19/2021 | 125 (p.2430) | STATUS REPORT *on Discovery*. (Perkovich, Joseph) |
| 07/26/2021 | 126 (p.2432) | STATUS REPORT *on Discovery (Third)*. (Perkovich, Joseph) |
| 08/06/2021 | 127 (p.2435) | PROOF OF SERVICE OF SUBPOENA *To Testify at a Deposition* served on Carver Conley on 7.23.21 by Jason Scott Gilbert on behalf of Terry Pitchford. (Gilbert, Jason) |
| 08/06/2021 | 128 (p.2437) | PROOF OF SERVICE OF SUBPOENA *To Testify at a Deposition* served on Alton Strider on 7.23.21 by Jason Scott Gilbert on behalf of Terry Pitchford. (Gilbert, Jason) |
| 08/20/2021 | 129 (p.2439) | STATUS REPORT */ Stipulation re Deposition (C. Nethery)*. (Perkovich, Joseph) |
| 08/24/2021 | 130 (p.2441) | ORDER re: 129 (p.2439) Status Report / Stipulation re Deposition (C. Nethery). Signed by District Judge Michael P. Mills on 8/24/2021. (spw) |
| 10/18/2021 | 131 (p.2442) | STATUS REPORT *, Fourth*. (Perkovich, Joseph) |
| 10/27/2021 | 132 (p.2444) | STATUS REPORT *on Discovery, Supplement to Fourth Report,*. (Perkovich, Joseph) |
| 12/01/2021 | 133 (p.2447) | NOTICE to Take Deposition of William E. Phillips by Jason Scott Gilbert on behalf of Terry Pitchford (Gilbert, Jason) |
| 12/01/2021 | 134 (p.18463) | (Ex Parte) Ex Parte MOTION *for Authorization of Attorney Travel* by Terry Pitchford. (Perkovich, Joseph) |
| 12/03/2021 | 135 (p.18465) | ORDER granting 134 (p.18463) Ex Parte Motion for Authorization of Attorney Travel. Signed by Senior Judge Michael P. Mills on 12/2/2021. (jtm) |
| 12/30/2021 | 136 (p.2449) | Supplemental MOTION for Discovery by Terry Pitchford. (Attachments: # 1 (p.21) Exhibit Dep. tr. of C. Conley, # 2 (p.18116) Exhibit Dep. tr. of D. Zeliff, # 3 (p.38) Exhibit Dep. tr. of C. Nethery, # 4 (p.48) Exhibit Dep. tr. of S. Byrd, # 5 (p.51) Exhibit Dep. tr. of A. Strider) (Perkovich, Joseph) |

| | | |
|---|---|---|
| 01/11/2022 | <u>137</u><br>(p.2800) | RESPONSE in Opposition re <u>136 (p.2449)</u> Supplemental MOTION for Discovery filed by Burl Cain, Lynn Fitch. (Rucker, Candice) |
| 01/11/2022 | <u>138</u><br>(p.2803) | MEMORANDUM IN SUPPORT *of Response in Opposition to Motion for Additional Discovery (Doc. 136)* filed by Burl Cain, Lynn Fitch. (Attachments: # <u>1 (p.21)</u> Exhibit A: 10.29.2020 Email, # <u>2 (p.18116)</u> Exhibit B: 11.10.2020 Email, # <u>3 (p.38)</u> Exhibit C: 01.05.2022 Email, # <u>4 (p.48)</u> Exhibit D: 08.21.2020 Email, # <u>5 (p.51)</u> Exhibit E: 01.06.2021 Email) (Rucker, Candice) |
| 01/12/2022 | | **CLERK'S NOTICE OF CORRECTION** re <u>137 (p.2800)</u> Response in Opposition to Motion, <u>138 (p.2803)</u> Memorandum in Support; All exhibits should be filed with the motion or response to which they relate and not the memorandum brief, as required by L.U.Civ.R. 7(b)(2). Attorney to refile motion and memorandum brief. (jla) |
| 01/12/2022 | <u>139</u><br>(p.2841) | RESPONSE in Opposition re <u>136 (p.2449)</u> Supplemental MOTION for Discovery filed by Burl Cain, Lynn Fitch. (Attachments: # <u>1 (p.21)</u> Exhibit A: 10.29.2020 Email, # <u>2 (p.18116)</u> Exhibit B: 11.10.2020 Email, # <u>3 (p.38)</u> Exhibit C: 01.05.2022 Email, # <u>4 (p.48)</u> Exhibit D: 08.21.2020 Email, # <u>5 (p.51)</u> Exhibit E: 01.06.2021 Email) (Rucker, Candice) |
| 01/12/2022 | <u>140</u><br>(p.2857) | MEMORANDUM IN SUPPORT *of Response in Opposition re <u>136 (p.2449)</u> Motion for Additional Discovery* filed by Burl Cain, Lynn Fitch. (Rucker, Candice) Modified on 1/12/2022 (jla). |
| 01/18/2022 | <u>141</u><br>(p.2882) | REPLY to Response to Motion re <u>136 (p.2449)</u> Supplemental MOTION for Discovery filed by Terry Pitchford. (Perkovich, Joseph) |
| 01/18/2022 | <u>142</u><br>(p.2901) | STATUS REPORT , *Fifth,*. (Perkovich, Joseph) |
| 01/26/2022 | <u>143</u><br>(p.2903) | ORDER granting <u>136 (p.2449)</u> Motion for Discovery. Signed by Senior Judge Michael P. Mills on 1/26/2022. (spw) |
| 02/07/2022 | <u>144</u><br>(p.2907) | NOTICE to Take Deposition of Carver Conley by Jason Scott Gilbert on behalf of Terry Pitchford (Gilbert, Jason) |
| 02/07/2022 | <u>145</u><br>(p.2909) | NOTICE to Take Deposition of Adam Eubanks by Jason Scott Gilbert on behalf of Terry Pitchford (Gilbert, Jason) |
| 02/07/2022 | <u>146</u><br>(p.2911) | NOTICE to Take Deposition of Greg Conley by Jason Scott Gilbert on behalf of Terry Pitchford (Gilbert, Jason) |
| 02/07/2022 | <u>147</u><br>(p.2913) | NOTICE to Take Deposition of Clyde V. Hill, Jr. by Jason Scott Gilbert on behalf of Terry Pitchford (Gilbert, Jason) |
| 02/07/2022 | <u>148</u><br>(p.2915) | NOTICE to Take Deposition of Douglas Evans by Jason Scott Gilbert on behalf of Terry Pitchford (Gilbert, Jason) |
| 02/07/2022 | <u>149</u><br>(p.18466) | (Ex Parte) Ex Parte MOTION *FOR AUTHORIZATION OF ATTORNEY TRAVEL* by Terry Pitchford. (Osborne, Jenny) |
| 02/07/2022 | <u>150</u><br>(p.18468) | (Ex Parte) Ex Parte MOTION *for Attorney Travel Authorization* by Terry Pitchford. (Perkovich, Joseph) |
| 02/09/2022 | <u>151</u><br>(p.18470) | ORDER granting <u>149 (p.18466)</u> , <u>150 (p.18468)</u> Ex Parte Motions for Authorization of Attorney Travel. Signed by Senior Judge Michael P. Mills on |

| | | |
|---|---|---|
| | | 2/9/2022. (jtm) |
| 02/11/2022 | 152 (p.2917) | PROOF OF SERVICE OF SUBPOENA served on Adam Eubanks on 2/10/22 by Jason Scott Gilbert on behalf of Terry Pitchford. (Gilbert, Jason) |
| 02/11/2022 | 153 (p.2919) | PROOF OF SERVICE OF SUBPOENA served on Greg Conley on 2/10/22 by Jason Scott Gilbert on behalf of Terry Pitchford. (Gilbert, Jason) |
| 02/15/2022 | 154 (p.2921) | PROOF OF SERVICE OF SUBPOENA served on Carver Conley on 2/14/22 by Jason Scott Gilbert on behalf of Terry Pitchford. (Gilbert, Jason) |
| 02/15/2022 | 155 (p.2923) | PROOF OF SERVICE OF SUBPOENA served on Clyde V. Hill, Jr. on 2/10/22 by Jason Scott Gilbert on behalf of Terry Pitchford. (Gilbert, Jason) |
| 02/15/2022 | 156 (p.2925) | PROOF OF SERVICE OF SUBPOENA served on Douglas Evans on 2/10/22 by Jason Scott Gilbert on behalf of Terry Pitchford. (Gilbert, Jason) |
| 02/17/2022 | 157 (p.2927) | NOTICE to Take Deposition of Douglas Evans by Jason Scott Gilbert on behalf of Terry Pitchford (Gilbert, Jason) |
| 02/17/2022 | 158 (p.2929) | NOTICE to Take Deposition of Clyde V. Hill, Jr. by Jason Scott Gilbert on behalf of Terry Pitchford (Gilbert, Jason) |
| 03/08/2022 | 159 (p.2931) | Endorsed MOTION for Discovery *FOR ADDITIONAL TIME TO EXAMINE WITNESS* by Terry Pitchford. (Osborne, Jenny) |
| 03/08/2022 | 160 (p.18472) | (Ex Parte) Ex Parte MOTION *FOR AUTHORIZATION OF ATTORNEY TRAVEL* by Terry Pitchford. (Osborne, Jenny) |
| 03/08/2022 | 161 (p.2936) | ORDER granting 159 (p.2931) Motion for Discovery for Additional Time to Examine Witness. Signed by Senior Judge Michael P. Mills on 3/8/22. (jla) |
| 03/08/2022 | 162 (p.18475) | ORDER granting 160 (p.18472) Ex Parte Motion for Authorization of Attorney Travel. Signed by Senior Judge Michael P. Mills on 3/8/22. (jla) |
| 03/08/2022 | 163 (p.18476) | (Ex Parte) Ex Parte MOTION *FOR AUTHORIZATION OF ATTORNEY TRAVEL* by Terry Pitchford. (Osborne, Jenny) |
| 03/08/2022 | 164 (p.18479) | (Ex Parte) Amended Ex Parte MOTION *FOR AUTHORIZATION OF ATTORNEY TRAVEL* by Terry Pitchford. (Osborne, Jenny) |
| 03/10/2022 | 165 (p.2937) | PROOF OF SERVICE OF SUBPOENA served on Greg Conley on 3/9/22 by Jason Scott Gilbert on behalf of Terry Pitchford. (Gilbert, Jason) Modified on 3/10/2022 (jla). |
| 03/10/2022 | 166 (p.2939) | NOTICE to Take Deposition of Greg Conley by Jason Scott Gilbert on behalf of Terry Pitchford (Gilbert, Jason) |
| 03/11/2022 | 167 (p.18482) | ORDER granting 164 (p.18479) Ex Parte Motion for Authorization of Attorney Travel. Signed by Senior Judge Michael P. Mills on 3/11/2022. (jtm) |
| 04/06/2022 | 168 (p.2941) | MOTION to Declare Compliance with Discovery Orders and for Enforcement of Revised Scheduling Order by Burl Cain, Lynn Fitch. (Attachments: # 1 (p.21) Exhibit Agreed Order, # 2 (p.18116) Exhibit Correspondence with Judge Loper) (Rucker, Candice) |
| 04/11/2022 | 169 (p.2952) | MOTION for Extension of Time to File Response/Reply as to 168 (p.2941) MOTION to Declare Compliance with Discovery Orders and for Enforcement of |

| | | |
|---|---|---|
| | | Revised Scheduling Order by Terry Pitchford. (Osborne, Jenny) |
| 04/13/2022 | 170 (p.2955) | ORDER granting 169 (p.2952) Motion for Extension of Time to File Response/Reply re 168 (p.2941) MOTION to Declare Compliance with Discovery Orders and for Enforcement of Revised Scheduling Order Responses due by 5/4/2022. Signed by Senior Judge Michael P. Mills on 4/13/22. (jla) |
| 04/29/2022 | 171 (p.2956) | Second MOTION for Extension of Time to File Reponse/Reply , *Unopposed*, re 168 (p.2941) MOTION to Declare Compliance with Discovery Orders and for Enforcement of Revised Scheduling Order by Terry Pitchford. (Attachments: # 1 (p.21) Proposed Order) (Perkovich, Joseph) Modified on 5/2/2022 (jla). Modified on 5/2/2022 (jla). |
| 05/02/2022 | | **CLERK'S NOTICE OF CORRECTION** re 171 (p.2956) Second MOTION for Extension of Time , *Unopposed*,. Section 5(B) of Administrative Procedures for ECF states proposed orders are not to be filed as an attachment to a pleading; attorney to email proposed order to chambers. (cb) |
| 05/02/2022 | 172 (p.2960) | ORDER granting 171 (p.2956) Motion for Extension of Time to File Response/Reply re 168 (p.2941) MOTION to Declare Compliance with Discovery Orders and for Enforcement of Revised Scheduling Order Responses due by 5/18/2022. Signed by Senior Judge Michael P. Mills on 5/2/22. (jla) |
| 05/16/2022 | 173 (p.2961) | Final MOTION for Extension of Time to File Response/Reply as to 168 (p.2941) MOTION to Declare Compliance with Discovery Orders and for Enforcement of Revised Scheduling Order by Terry Pitchford. (Attachments: # 1 (p.21) Proposed Order) (Osborne, Jenny) |
| 05/16/2022 | | **CLERK'S NOTICE OF CORRECTION** re 173 (p.2961) Final MOTION for Extension of Time to File Response/Reply as to 168 (p.2941) MOTION to Declare Compliance with Discovery Orders and for Enforcement of Revised Scheduling Order ; Attorney to email proposed order to chambers as required by Section 5(B) of the Administrative Procedures for Electronic Case Filing. (jla) |
| 05/18/2022 | 174 (p.2966) | ORDER granting 173 (p.2961) Motion for Extension of Time to File Response/Reply re 168 (p.2941) MOTION to Declare Compliance with Discovery Orders and for Enforcement of Revised Scheduling Order Responses due by 6/17/2022. Signed by Senior Judge Michael P. Mills on 6/17/22. (jla) |
| 06/14/2022 | 175 (p.2967) | Amended MOTION for Extension of Time to File Response/Reply as to 168 (p.2941) MOTION to Declare Compliance with Discovery Orders and for Enforcement of Revised Scheduling Order *[Amended to Final Motion (Doc. 171)]* by Terry Pitchford. (Perkovich, Joseph) |
| 06/15/2022 | 176 (p.2970) | ORDER granting 175 (p.2967) Motion for Extension of Time to File Response/Reply re 168 (p.2941) MOTION to Declare Compliance with Discovery Orders and for Enforcement of Revised Scheduling Order Responses due by 6/21/2022. Signed by Senior Judge Michael P. Mills on 6/15/22. (jla) |
| 06/21/2022 | 177 (p.2971) | RESPONSE in Opposition re 168 (p.2941) MOTION to Declare Compliance with Discovery Orders and for Enforcement of Revised Scheduling Order *and Motion for Hearing* filed by Terry Pitchford. (Perkovich, Joseph) |
| 06/21/2022 | 178 (p.2974) | BRIEF re 177 (p.2971) Response in Opposition to Motion *to Declare Discovery Compliance* re 168 (p.2941) MOTION to Declare Compliance with Discovery Orders and for Enforcement of Revised Scheduling Order. (Attachments: # 1 (p.21) |

| | | |
|---|---|---|
| | | Exhibit Dep. of C. Wise, # 2 (p.18116) Exhibit Dep. of S. Byrd, # 3 (p.38) Exhibit Dep. of D. Zeliff, # 4 (p.48) Exhibit Dep. of C. Nethery, # 5 (p.51) Exhibit Dep. of C. Conley, # 6 (p.53) Exhibit Dep. of A. Strider, # 7 (p.58) Exhibit Dep. of W. Phillips, # 8 (p.18118) Exhibit Dep. of A. Eubanks, # 9 (p.18150) Exhibit Dep. of G. Conley, # 10 (p.18157) Exhibit Dep. of C. Hill, # 11 (p.18159) Exhibit Dep. of D. Evans, # 12 (p.18162) Exhibit Ltr. Sep. 4, 2018 to A. Strider, # 13 (p.62) Exhibit Ltr. Sep. 7, 2018 to A. Strider) (Perkovich, Joseph) Modified on 7/14/2022 (jla) |
| 06/22/2022 | | **CLERK'S NOTICE OF CORRECTION** re 177 (p.2971) Response in Opposition to Motion, 178 (p.2974) Brief. All exhibits should be filed with the response to which they relate and not the memorandum brief, as required by L.U.Civ.R. 7(b)(2). Further, all related filings to motion must be linked back to the original motion instead of a responsive pleading. Attorney to refile response and memorandum brief. (cb) |
| 06/22/2022 | 179 (p.5665) | RESPONSE in Opposition re 168 (p.2941) MOTION to Declare Compliance with Discovery Orders and for Enforcement of Revised Scheduling Order *and Motion for Hearing* filed by Terry Pitchford. (Attachments: # 1 (p.21) Exhibit Dep. tr. C. Wise, # 2 (p.18116) Exhibit Dep. tr. S. Byrd, # 3 (p.38) Exhibit Dep. tr. D. Zeliff, # 4 (p.48) Exhibit Dep. tr. C. Nethery, # 5 (p.51) Exhibit Dep. tr. C. Conley, # 6 (p.53) Exhibit Dep. tr. A. Strider, # 7 (p.58) Exhibit Dep. tr. W. Phillips, # 8 (p.18118) Exhibit Dep. tr. A. Eubanks, # 9 (p.18150) Exhibit Dep. tr. G. Conley, # 10 (p.18157) Exhibit Dep. tr. C. Hill, # 11 (p.18159) Exhibit Dep. tr. D. Evans, # 12 (p.18162) Exhibit Ltr. Sep. 4, 2018 to A. Strider, # 13 (p.62) Exhibit Ltr. Sep. 7, 2018 to A. Strider) (Perkovich, Joseph) |
| 06/22/2022 | | **CLERK'S NOTICE OF CORRECTION** re 179 (p.5665) Response in Opposition to Motion; incorrect document attached; Attorney to refile at his request. (jla) |
| 06/22/2022 | 180 (p.8356) | RESPONSE in Opposition re 168 (p.2941) MOTION to Declare Compliance with Discovery Orders and for Enforcement of Revised Scheduling Order *and Motion for Hearing* filed by Terry Pitchford. (Attachments: # 1 (p.21) Exhibit Dep. tr. C. Wise, # 2 (p.18116) Exhibit Dep. tr. S. Byrd, # 3 (p.38) Exhibit Dep. tr. D. Zeliff, # 4 (p.48) Exhibit Dep. tr. C. Nethery, # 5 (p.51) Exhibit Dep. tr. C. Conley, # 6 (p.53) Exhibit Dep. tr. A. Strider, # 7 (p.58) Exhibit Dep. tr. W. Phillips, # 8 (p.18118) Exhibit Dep. tr. A. Eubanks, # 9 (p.18150) Exhibit Dep. tr. G. Conley, # 10 (p.18157) Exhibit Dep. tr. C. Hill, # 11 (p.18159) Exhibit Dep. tr. D. Evans, # 12 (p.18162) Exhibit Ltr. Sep. 4, 2018 to A. Strider, # 13 (p.62) Exhibit Ltr. Sep. 7, 2018 to A. Strider) (Perkovich, Joseph) |
| 06/22/2022 | 181 (p.11015) | BRIEF re 168 (p.2941) MOTION to Declare Compliance with Discovery Orders and for Enforcement of Revised Scheduling Order *and Motion for Hearing*. (Perkovich, Joseph) |
| 06/23/2022 | 182 (p.11050) | REPLY to Response to Motion re 168 (p.2941) MOTION to Declare Compliance with Discovery Orders and for Enforcement of Revised Scheduling Order filed by Burl Cain, Lynn Fitch. (Hartman, Allison) |
| 06/29/2022 | 183 (p.11056) | MOTION to Withdraw as Attorney by Lynn Fitch. (Rucker, Candice) |
| 06/30/2022 | 184 (p.11059) | NOTICE of Attorney Appearance by LaDonna C. Holland on behalf of Burl Cain, Lynn Fitch (Holland, LaDonna) |

| Date | Doc | Description |
|---|---|---|
| 06/30/2022 | 185 (p.11061) | MOTION for Extension of Time *by One Day* re 168 (p.2941) MOTION to Declare Compliance with Discovery Orders and for Enforcement of Revised Scheduling Order by Terry Pitchford. (Perkovich, Joseph) Modified on 7/14/2022 (jla). |
| 07/01/2022 | 186 (p.11064) | NOTICE by Joseph Perkovich on behalf of Terry Pitchford re 181 (p.11015) Brief, 180 (p.8356) Response in Opposition to Motion,, 182 (p.11050) Reply to Response to Motion re 168 (p.2941) MOTION to Declare Compliance with Discovery Orders and for Enforcement of Revised Scheduling Order (Attachments: # 1 (p.21) Reply to Opposition to Motion for Hearing on Compliance) (Perkovich, Joseph) Modified on 7/14/2022 (jla). |
| 07/05/2022 | 187 (p.11069) | ORDER granting 183 (p.11056) Motion to Withdraw as Attorney for Respndents. Attorney Candice L. Rucker terminated. Signed by Senior Judge Michael P. Mills on 7/5/2022. (spw) |
| 07/05/2022 | 188 (p.11070) | ORDER granting 185 (p.11061) for Extension of Time by One Day by Terry Pitchford. Reply due 7/1/2022. Signed by Senior Judge Michael P. Mills on 7/5/2022. (spw) |
| 07/05/2022 | 189 (p.11071) | MOTION to Strike 186 (p.11064) Notice re 168 (p.2941) MOTION to Declare Compliance with Discovery Orders and for Enforcement of Revised Scheduling Order, by Burl Cain, Lynn Fitch. (Attachments: # 1 (p.21) Exhibit A) (Hartman, Allison) Modified on 7/11/2022 (jla). |
| 07/08/2022 | 190 (p.11078) | RESPONSE to Motion re 189 (p.11071) MOTION to Strike 186 (p.11064) Notice re 168 (p.2941) MOTION to Declare Compliance with Discovery Orders and for Enforcement of Revised Scheduling Order, filed by Terry Pitchford. (Osborne, Jenny) Modified on 7/11/2022 (jla). |
| 08/03/2022 | 191 (p.11083) | ORDER granting 168 (p.2941) Motion to Declare Compliance with Discovery Orders and for Enforcement of Revised Scheduling Order; finding as moot 189 (p.11071) Motion to Strike. Signed by Senior Judge Michael P. Mills on 8/3/22. (jla) |
| 10/19/2022 | 192 (p.11091) | First MOTION for Extension of Time *[Unopposed], to file Amended Habeas Corpus Petition* by Terry Pitchford. (Perkovich, Joseph) |
| 10/20/2022 | 193 (p.11095) | ORDER GRANTING Petitioner's Unopposed Motion for Extension re 192 (p.11091) Motion for Extension of Time. Signed by Senior Judge Michael P. Mills on 10/20/2022. (cb) |
| 10/20/2022 | | Set/Reset Deadlines: Amended Pleadings due by 1/4/2023. (cb) |
| 10/28/2022 | 194 (p.11097) | Consent MOTION Revised Scheduling Order re 57 (p.1657) Order on Motion for Miscellaneous Relief by Terry Pitchford. (Perkovich, Joseph) |
| 11/01/2022 | 195 (p.11102) | ORDER GRANTING Petitioner's Consent Motion for Revised Scheduling Order re 194 (p.11097) Motion for Revised Scheduling Order. Signed by Senior Judge Michael P. Mills on 11/1/22. (cb) |
| 12/19/2022 | 196 (p.11105) | Second MOTION for Extension of Time by Terry Pitchford. (Perkovich, Joseph) |
| 12/21/2022 | 197 (p.11109) | ORDER granting 196 (p.11105) Motion for Extension of Time. Signed by Senior Judge Michael P. Mills on 12/20/2022. (jwr) |
| 01/30/2023 | | |

| Date | Doc # | Description |
|---|---|---|
| | 198 (p.11112) | Third MOTION for Extension of Time *to file Amended Petition* by Terry Pitchford. (Attachments: # 1 (p.21) Proposed Order) (Perkovich, Joseph) |
| 01/31/2023 | | **CLERK'S NOTICE** re 198 (p.11112) Third MOTION for Extension of Time *to file Amended Petition*; Attorney to email proposed order to chambers as required by Section 5(B) of the Administrative Procedures for Electronic Case Filing. (jla) |
| 01/31/2023 | 199 (p.11120) | ORDER granting 198 (p.11112) Motion for Extension of Time. Signed by Senior Judge Michael P. Mills on 1/31/23. (jla) |
| 02/03/2023 | 200 (p.11123) | AMENDED / SUPPLEMENT TO DOCUMENT *Appendix to Forthcoming Amended Petition-Part 1*. (Attachments: # 1 (p.21) Appendix Part 1) (Perkovich, Joseph) |
| 02/03/2023 | 201 (p.12238) | AMENDED / SUPPLEMENT TO DOCUMENT *Appendix to Forthcoming Amended Petition-Part 2*. (Attachments: # 1 (p.21) Appendix Part 2-segment 1, # 2 (p.18116) Appendix Part 2-segment 2, # 3 (p.38) Appendix Part 2-segment 3, # 4 (p.48) Appendix Part 2-segment 4, # 5 (p.51) Appendix Part 2-segment 5, # 6 (p.53) Appendix Part 2-segment 6, # 7 (p.58) Appendix Part 2-segment 7, # 8 (p.18118) Appendix Part 2-segment 8, # 9 (p.18150) Appendix Part 2-segment 9, # 10 (p.18157) Appendix Part 2-segment 10) (Perkovich, Joseph) |
| 02/06/2023 | | **CLERK'S NOTICE** re 200 (p.11123) Amended / Supplement to Document, 201 (p.12238) Amended / Supplement to Document; Attorney to include signature of local counsel on all filings as required by L.U.Civ.R. 83.1(d)3. Attorney will be directed to refile in the future. (jla) |
| 02/13/2023 | 202 (p.16844) | EXHIBIT *Appendix to Amended Petition, Part 3*. (Attachments: # 1 (p.21) Appendix Part 3) (Perkovich, Joseph) |
| 02/13/2023 | 203 (p.17459) | AMENDED / SUPPLEMENT TO DOCUMENT *Petition for Writ of Habeas Corpus*. (Perkovich, Joseph) |
| 03/24/2023 | 204 (p.17784) | First MOTION for Extension of Time *to Move for Partial Summary Judgment,* by Terry Pitchford. (Perkovich, Joseph) |
| 03/29/2023 | 205 (p.17788) | Amended MOTION for Extension of Time *to Move for Partial Summary Judgment,* by Terry Pitchford. (Perkovich, Joseph) |
| 03/30/2023 | 206 (p.17792) | ORDER granting 205 (p.17788) Motion for Extension of Time to File Motion for Partial Summary Judgment. Signed by Senior Judge Michael P. Mills on 3/30/2023. (jtm) |
| 06/12/2023 | 207 (p.17795) | MOTION for Partial Summary Judgment by Terry Pitchford. (Attachments: # 1 (p.21) Exhibit Voir dire transcript) (Perkovich, Joseph) |
| 06/12/2023 | 208 (p.17965) | MEMORANDUM IN SUPPORT re 207 (p.17795) MOTION for Partial Summary Judgment . (Perkovich, Joseph) |
| 07/11/2023 | 209 (p.17988) | First MOTION for Extension of Time to File Response/Reply as to 207 (p.17795) MOTION for Partial Summary Judgment by Burl Cain, Lynn Fitch. (Hartman, Allison) |
| 07/13/2023 | 210 (p.17991) | ORDER granting 209 (p.17988) Respondents unopposed Motion for Extension of Time to File Response to 207 (p.17795) MOTION for Partial Summary Judgment . Response due by 8/11/2023. Signed by Senior Judge Michael P. Mills on 7/13/2023. (spw) |

| 08/03/2023 | 211<br>(p.17994) | CROSS-MOTION for Summary Judgment and RESPONSE in Opposition re 207 (p.17795) MOTION for Partial Summary Judgment filed by Burl Cain, Lynn Fitch. (Hartman, Allison) Modified on 11/21/2023 (jla). |
|---|---|---|
| 08/03/2023 | 212<br>(p.17998) | MEMORANDUM IN SUPPORT re 211 (p.17994) Response in Opposition to 207 (p.17795) Motion filed by Burl Cain, Lynn Fitch. (Hartman, Allison) Modified on 8/4/2023 to link to motion (jwr). |
| 08/29/2023 | 213<br>(p.18022) | MOTION for Extension of Time to File Response/Reply as to 210 (p.17991) Order on Motion for Extension of Time to File Response/Reply re 209 (p.17988) MOTION for Extension of Time as to 207 (p.17795) MOTION for Partial Summary Judgment by Terry Pitchford. (Perkovich, Joseph) Modified on 12/8/2023 to relate to underlying motions (jla). |
| 08/30/2023 | 214<br>(p.18026) | ORDER denying 213 (p.18022) MOTION for Extension of Time to File Response/Reply as to 210 (p.17991) Order on Motion for Extension of Time. Signed by Senior Judge Michael P. Mills on 8/30/23. (jla) |
| 09/05/2023 | 215<br>(p.18028) | REPLY to Response to Motion re 207 (p.17795) MOTION for Partial Summary Judgment filed by Terry Pitchford. (Perkovich, Joseph) |
| 12/12/2023 | 216<br>(p.18041) | MEMORANDUM OPINION AND ORDER granting 207 (p.17795) Motion for Partial Summary Judgment; denying 211 (p.17994) Cross-Motion for Partial Summary Judgment; granting Petition for Writ of Habeas Corpus as to Batson claim; vacating capital murder conviction and death sentence; remanding to State of Mississippi for further proceedings and new trial within 180 days of the date of this order. Signed by Senior Judge Michael P. Mills on 12/12/2023. (jtm) |
| 12/12/2023 | 217<br>(p.18061) | FINAL JUDGMENT. Signed by Senior Judge Michael P. Mills on 12/12/2023. (jtm) |
| 12/12/2023 | | (Court only) Staff Note: Copy of Doc [216, 217] emailed to Clerk of Mississippi Supreme Court this date. (jtm) |
| 12/19/2023 | 218<br>(p.18062) | NOTICE OF APPEAL by LaDonna C. Holland on behalf of Burl Cain, Lynn Fitch. Filing fee $ 605, receipt number AMSNDC-2334712. (Holland, LaDonna) |
| 12/19/2023 | 219<br>(p.18064) | MOTION to Stay *Respondents Urgent and Necessitous Motion to Stay this Courts Order and Final Judgment Granting Habeas Relief* by Burl Cain, Lynn Fitch. (Holland, LaDonna) |
| 12/19/2023 | 220<br>(p.18067) | MEMORANDUM IN SUPPORT re 219 (p.18064) MOTION to Stay *Respondents Urgent and Necessitous Motion to Stay this Courts Order and Final Judgment Granting Habeas Relief* . (Holland, LaDonna) |
| 12/19/2023 | | (Court only) ***Staff notes; Appeal by JLAdams (jla) (Entered: 01/02/2024) |
| 12/21/2023 | 221<br>(p.18080) | MOTION for Extension of Time *to File Response to Motion to Stay Final Judgment,* by Terry Pitchford. (Perkovich, Joseph) |
| 12/21/2023 | | USCA Case Number 23-70009 for 218 (p.18062) Notice of Appeal filed by Lynn Fitch, Burl Cain. (jwr) |
| 12/22/2023 | 222<br>(p.18484) | (Ex Parte) Ex Parte MOTION *for Client Contact Visitation,* by Terry Pitchford. (Perkovich, Joseph) |
| 12/29/2023 | 223 | ORDER granting 221 (p.18080) MOTION for Extension of Time to File Response |

| | | |
|---|---|---|
| | (p.18084) | to Motion to Stay Final Judgment by Terry Pitchford. Petitioner has through and including Friday, January 5, 2024, in which to file his response to the State's motion to stay execution of the final judgment. Signed by Senior Judge Michael P. Mills on 12/29/2023. (spw) |
| 01/02/2024 | 224 (p.18488) | ORDER granting 222 (p.18484) Ex Parte Motion for client contact visitation by Terry Pitchford. Signed by Senior Judge Michael P. Mills on 1/2/2024. (spw) |
| 01/05/2024 | 225 (p.18086) | RESPONSE to Motion re 219 (p.18064) MOTION to Stay *Respondents Urgent and Necessitous Motion to Stay this Courts Order and Final Judgment Granting Habeas Relief* filed by Terry Pitchford. (Osborne, Jenny) |
| 01/08/2024 | 226 (p.18104) | REPLY to Response to Motion re 219 (p.18064) MOTION to Stay *Respondents Urgent and Necessitous Motion to Stay this Courts Order and Final Judgment Granting Habeas Relief* filed by Burl Cain, Lynn Fitch. (Holland, LaDonna) |
| 01/12/2024 | 227 (p.18114) | ORDER granting 219 (p.18064) Motion to Stay Execution of Judgment. Signed by Senior Judge Michael P. Mills on 1/12/24. (jla) |

# TAB
# 2

Notice of Appeal

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### GREENVILLE DIVISION

TERRY PITCHFORD                                                    PETITIONER

v.                                                    Civil Action No.: 4:18-cv-00002-MPM
                                                              CAPITAL HABEAS CORPUS

BURL CAIN, MDOC Commissioner;
LYNN FITCH, Attorney General for the
State of Mississippi                                              RESPONDENTS

## NOTICE OF APPEAL

Burl Cain, Commissioner of the Mississippi Department of Corrections, and

Lynn Fitch, Attorney General for the State of Mississippi—Respondents in the above-

styled and number case—hereby appeal to the United States Court of Appeals for the

Fifth Circuit from the following orders entered by the Honorable Michael P. Mills,

United States District Judge, United States District Court for the Northern District

of Mississippi: the December 12, 2023 Final Judgment (Doc. 217) and all prior orders

relating to that order or merged into that order, including the Court's December 12,

2023 Memorandum Opinion and Order (Doc. 216).

Respectfully submitted, this 19th day of December, 2023.

<div style="margin-left:40%">

**BURL CAIN, MDOC Commissioner;**
**LYNN FITCH, Attorney General for the**
**State of Mississippi**

*/s/ LaDonna C. Holland*
LADONNA C. HOLLAND (MSB # 101888)
ALLISON K. HARTMAN (MSB # 105083)
Special Assistant Attorneys General
P.O. Box 220
Jackson, Mississippi 39205-0220
Telephone: (601) 359-3680
Email: LaDonna.Holland@ago.ms.gov
        Allison.Hartman@ago.ms.gov
*Counsel for Respondents*

</div>

1

## CERTIFICATE OF SERVICE

I, LaDonna C. Holland, certify that I electronically filed this Notice of Appeal using the ECF system, which sent notification to the following:

Jason Scott Gilbert
WATKINS & EAGER
400 East Capitol Street
Jackson, MS 39201
sgilbert@watkinseager.com

Joseph Perkovich
PHILLIPS BLACK, INC.
P.O. Box 4544
New York, NY 10163
j.perkovich@phillipsblack.org

Jenny Osborne
PHILLIPS BLACK, INC.
1901 S. 9th Street, Suite 608
Philadelphia, PA 19148
j.osborne@phillipsblack.org

This 19th day of December, 2023.

                                        */s/ LaDonna C. Holland*
                                        LADONNA C. HOLLAND

23-70009.18063

# TAB
# 3

Final Judgment Granting Habeas Relief

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**TERRY PITCHFORD**                                                    **PETITIONER**

**V.**                                                    **NO. 4:18-CV-00002-MPM**

**BURL CAIN, MDOC Commissioner; and
LYNN FITCH, Attorney General for the state of Mississippi**          **RESPONDENTS**

## FINAL JUDGMENT

In accordance with the Memorandum Opinion and Order entered today, Pitchford's motion [207] for partial summary judgment is **GRANTED**, and Respondents' cross-motion [211] for partial summary judgment is **DENIED**.  Pitchford's petition for a writ of habeas corpus is **GRANTED** as to the *Batson* claim only.  Accordingly, Pitchford's capital murder conviction and death sentence are vacated, and the matter is remanded to the State of Mississippi for further proceedings not inconsistent with this opinion.  The State of Mississippi must afford Pitchford a new trial within 180 days from the date of this order, otherwise it must release Pitchford from custody.

**SO ORDERED**, this the 12th day of December, 2023.


 /s/ Michael P. Mills
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI

# TAB
# 4

Memorandum Opinion and Order Granting Habeas Relief

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## GREENVILLE DIVISION

**TERRY PITCHFORD**                                                                                    **PETITIONER**

**V.**                                                                                         **NO. 4:18-CV-00002-MPM**

**BURL CAIN, MDOC Commissioner; and**
**LYNN FITCH, Attorney General for the state of Mississippi**                   **RESPONDENTS**

## <u>MEMORANDUM OPINION AND ORDER</u>

Petitioner Terry Pitchford, a state inmate under sentence of death, seeks habeas corpus relief under 28 U.S.C. § 2254. After filing his amended federal habeas petition, Pitchford moved for partial summary judgment as to his *Batson*[1] claim. In turn, Respondents moved for cross-summary judgment.[2] The parties have filed their respective responses and replies, and the matter is now ripe for resolution. Having reviewed the submissions and arguments of the parties, as well as the applicable authority, the Court finds that Pitchford's motion should be granted and, consequently, that his petition for a writ of habeas corpus should be granted *as to this claim*.

## <u>Relevant Factual and Procedural Background</u>

On the morning of November 7, 2004, Pitchford and a friend, Eric Bullins, went to the Crossroads Grocery store with the intention of robbery. *Pitchford v. State*, 45 So. 3d 216, 222 (Miss. 2010). The intended robbery, however, resulted in the murder of store owner Reuben Britt.

---

[1] *See Batson v. Kentucky*, 476 U.S. 79 (1986).

[2] Respondents filed their motion for cross-summary judgment in the same document as their response to Petitioner's motion for partial summary judgment. *See* Doc. # 211. The Local Rules, however, provide that "[a] response to a motion may not include a counter-motion in the same document. Any motion must be an item docketed separately from a response." L.U. Civ. R. 7(b)(3)(C). The Court will overlook this procedural defect this time for purposes of efficiency, but the parties are advised to follow the Local Rules going forward.

*Id.* Bullins, Pitchford's accomplice, shot Britt three times with a .22 caliber pistol, while Pitchford fired shots into the floor. *Id.*

On January 11, 2005, a grand jury in Grenada County, Mississippi, indicted nineteen-year-old Pitchford for capital murder, and the case proceeded to trial with jury selection beginning on February 6, 2006. *Id.* at 223. At the start of voir dire, the jury pool included 126 individuals: forty (40) black, eighty-four (84) white, one Hispanic, and one who did not provide race information. *Id.* The trial judge began by excusing certain jurors for statutory cause and other reasons unrelated to the case, without objection from either party. *Id.*

This left a panel of ninety-six (96), with thirty-five (35) black and sixty-one (61) white members. *Id.* Following voir dire by the attorneys, the trial judge, again without objection from either party, struck fifty-two (52) prospective jurors for cause and three others for undisclosed reasons, leaving a total of forty-one (41) venire members, of which thirty-six (36) were white and five were black. *Id.* Of note, thirty (30) black venire members were excused for cause primarily because of their views on the death penalty, leaving merely five black members in the jury pool. *See* Doc. # 207-1, at 150-153.

The attorneys were then permitted to exercise strikes "only on the twelve lowest-numbered members of the venire," and then, each time someone was stricken, "the next lowest-numbered juror joined the twelve potential jurors subject to preemptory strikes." *Id.* During this process, the State exercised seven strikes, while Pitchford used twelve, resulting in thirty-one (31) potential jurors subject to preemptory strikes. *Id.* Of these thirty-one, Pitchford struck twelve white members, leaving nineteen members subject to preemptory strikes by the State: five black and fourteen white. *Id.* The State exercised seven of the twelve strikes it was permitted, striking three whites and four blacks. *Id.*

2

Following the selection process, Pitchford's jury of fourteen (twelve jurors with two alternates) consisted of thirteen whites and one black. *Id.* at 226. The case proceeded to trial on February 8, 2006, at which the jury found Pitchford guilty of capital murder. *Id* at 223. Then, on February 9, 2006, during the penalty phase, the jury imposed a sentence of death by lethal injection. *Id.*

Through counsel, Pitchford filed a direct appeal challenging his conviction and sentence, arguing that the State discriminated on the basis of race in its preemptory strikes in violation of *Batson v. Kentucky*.[3] *Id.* at 224. The Mississippi Supreme Court affirmed Pitchford's conviction and sentence on June 24, 2010. *Id.* at 216. In its decision, the state supreme court rejected Pitchford's claim on the basis that he failed to rebut the prosecution's race-neutral reasons for its preemptory strikes of black venire members. *Id.* at 227.

Pitchford, through appointed counsel, filed an amended petition for federal habeas corpus relief pursuant to 28 U.S.C.§ 2254 in this Court on February 13, 2023. Doc. # 203. In his amended petition, Pitchford asserts twenty-six grounds for relief, including a *Batson* claim. *See Id.* at 18-35. Then on June 12, 2023, Pitchford moved for partial summary judgment on his *Batson* claim. Doc. #s 207, 208. On August 3, 2023, Respondents filed their response to Pitchford's motion along with a cross-motion for summary judgment. Doc. #s 211, 212. Pitchford filed his reply in support of his motion and response in opposition to Respondents' motion on September 5, 2023. Doc. # 215. The matter is now ripe for resolution.

## Legal Standard

Summary judgment is appropriate only when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

---

[3] Pitchford raised seventeen issues on direct appeal, but the *Batson* claim is the only claim that will be discussed herein. *See Pitchford*, 45 So.3d at 224-260.

23-70009.18043

Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). "As a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases." *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000). However, Rule 56 "applies only to the extent that it does not conflict with the habeas rules." *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *abrogated on other grounds by Tennard v. Dretke* 542 U.S. 274 (2004); *see also* Rule 12 of the Rules Governing Section 2254 Cases in the United States District Courts. Thus, "[i]f some aspect of the summary judgment process conflicts with the habeas process, then the habeas process controls." *See Ndudzi v. Castro*, 2020 WL 3317107 at *10 (W.D. Tex. June 18, 2020)(citations omitted).

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which governs this case, a federal court cannot grant federal habeas relief on any claim that the state court adjudicated on the merits unless that adjudication (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established United States Supreme Court precedent; or (2) resulted in a decision based on an unreasonable determination of facts in light of the evidence presented. *See* 28 U.S.C. § 2254(d)(1) and (2); *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). A state court's factual determinations "carry a presumption of correctness" such that, "to rebut them, the petitioner must present clear and convincing evidence to the contrary." *Smith*, 311 F.3d at 667 (citing 28 U.S.C. § 2254(e)(1)). To be sure, this "standard is demanding but not insatiable." *Miller-El v. Dretke*, 545 U.S. 231, 240 (2005) (granting writ on *Batson* grounds). Further, "[d]eference does not by definition preclude relief." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

23-70009.18044

### Discussion

Pitchford argues that the State used its preemptory strikes in a racially discriminatory manner. The Mississippi Supreme Court considered and ultimately rejected this same argument during Pitchford's direct appeal. In *Batson*, the Supreme Court held that "[p]urposeful racial discrimination in selection of the venire violates a defendant's right to equal protection because it denies him the protection that a trial by jury is entitled to secure." *Batson*, 476 U.S. at 86.

Offering guidance to courts addressing these claims, the Supreme Court has held:

A defendant's *Batson* challenge to a preemptory strike requires a three-step inquiry. First, the trial court must determine whether the defendant has made a prima facie showing that the prosecutor exercised a preemptory challenge on the basis of race. Second, if the showing is made, the burden shifts to the prosecutor to present a race-neutral explanation for striking the juror in question. Although the prosecutor must present a comprehensible reason, "[t]he second step of this process does not demand an explanation that is persuasive, or even plausible"; so long as the reason is not inherently discriminatory, it suffices. Third, the court must then determine whether the defendant has carried his burden of proving purposeful discrimination. This final step involves evaluating "the persuasiveness of the justification" proffered by the prosecutor, but "the ultimate burden of persuasion regarding racial motivation rests with, and never shifts from, the opponent of the strike."

*Rice v. Collins*, 546 U.S. 333, 338 (2006)(internal citations omitted). A trial court's *Batson* finding is "'a pure issue of fact' that is accorded great deference and will not be overturned unless clearly erroneous." *Murphy v. Dretke*, 416 F.3d 427, 432 (5th Cir. 2005); *see also Cockrell*, 537 U.S. at 340.

### I. Prima Facie Showing

As a preliminary matter, the opponent of the strike (in this instance, the defendant Pitchford) must show that the use of preemptory challenges raised an inference that the prosecutor was purposefully excluding members of his race from serving on the jury. *Batson*, 476 U.S. at 96 (This holding has since been extended to members of any race. *See Powers v. Ohio*, 499 U.S. 400 (1991)). That the strikes disproportionately impact jurors of one race is insufficient; the defendant

23-70009.18045

must show a discriminatory intent motivated the strikes. *Hernandez v. New York*, 500 U.S. 352, 359-60 (1991). A defendant can make a prima facie showing by establishing either a pattern or practice of strikes against black jurors or by showing that jurors of different races were questioned differently. *Batson*, 476 U.S. at 97.

As briefly mentioned above, the State utilized four of its preemptory strikes to remove black members from the jury, tendering only one black juror. After the State struck the fourth black potential juror, Pitchford's counsel made the following objection:

> MS. STEINER (Pitchford's counsel): We would object on the grounds of *Batson versus Kentucky* that it appears there is a pattern of striking almost all of the available African-American jurors. They have tendered one African-American juror out of the five thus far – four that have thus far arisen on the venire. As we had noted previously, due to the process of cause challenges, particularly death qualification challenges, this is already a disproportionally white jury for the population of this county.
>
> And we make a Batson challenge. It appears to be a pattern of disproportionately challenging African-American jurors. And I would invite the Court's attention to the United States Supreme Court case. The most recent *Miller-El versus Dretke* case in which the United States Supreme Court on habeas actually reversed a conviction where the prosecutors had used most, though not all, of their strikes. They had left either one or two black jurors on the venire, but the United States Supreme Court nonetheless reversed.

Doc. # 207-1 at 157-159. Upon Pitchford's objection, the trial court immediately asked the State to provide race-neutral reasons for its preemptory strikes of the four black potential jurors. *Id.* As such, the trial court implicitly found that Pitchford made a prima facie showing that race was the basis for the strikes.

In addressing whether Pitchford had made a prima facie showing, the Mississippi Supreme Court considered an argument made by Pitchford *after* the trial court asked the State for race-neutral reasons as support for a prima facie showing—namely, the alleged racial makeup of Grenada County and the disparity between it and the venire. *Pitchford*, 45 So. 3d at 225-226. Specifically, the state appellate court noted Pitchford's argument that "in 2006, African-Americans

6

made up approximately forty percent of Grenada County's population." *Id.* at 225. The state appellate court noted, however, that Pitchford presented no evidence of the racial makeup of Grenada County to the trial court. *Id.* But, "regardless of the racial makeup of Grenada County," the Mississippi Supreme Court was "persuaded that the record support[ed] the trial court's finding of a prima facie showing of discrimination." *Id.*

The Mississippi Supreme Court's analysis on this point is a bit confusing. As the argument about the racial makeup of the county was not made until *after* the *Batson* objection had been overruled and the jury selected, it could not have formed the basis of the trial court's finding that a prima facie showing had been made. More relevant to the inquiry is the argument made by Pitchford upon raising the objection: that the State had struck four out of five black potential jurors, tendering only one black juror to serve. Confusion aside, neither party disputes the state courts' conclusion(s) that Pitchford made a prima facie showing that race was the basis for the preemptory strikes at issue. Moreover, the Court finds that the State's pattern of striking *all* but one black juror sufficiently demonstrated a prima facie showing under *Batson*.

## II. Race-Neutral Reasons

After Pitchford raised his *Batson* objection, the trial court promptly requested race-neutral reasons for each of the four strikes it used on black venire members. *See* Doc. # 207-1 at 158-159. As the burden is always on the defendant to prove discrimination, the prosecution's proffered race-neutral explanation "need not be persuasive; it must only be based on some factor other than the juror's race." *Walker v. Epps*, 2012 WL 1033467, at * 22 (S.D. Miss. Mar. 27, 2012) (citing *Hernandez*, 500 U.S. at 360). At this juncture, the trial court need only consider "the facial validity of the prosecutor's explanation." *Hernandez*, 500 U.S. at 360. Thus, "[u]nless a discriminatory intent is inherent in the prosecutor's explanation, the reason offered will be deemed race neutral."

23-70009.18047

*Id.* The prosecutor, however, must do more than simply deny that he had a discriminatory motive. *Batson*, 476 U.S. at 98. Even if the prosecutor's reasons are "frivolous or utterly nonsensical," the analysis does not end, but merely proceeds to the third step. *Johnson v. California*, 545 U.S. 162, 171 (2005) (citation omitted).

### Linda Ruth Lee

As to Ms. Lee, the State proffered as follows:

S-2 is black female, juror number 30. She is the one that was 15 minutes late. She also, according to police officer, police captain, Carver Conley, has mental problems. They have had numerous calls to her house and said she obviously has mental problems.

Doc. # 207-1 at 159-160. Without further inquiry, the trial court responded " [t]hat would be race neutral as to – as to that juror." *Id.* at 160. The Mississippi Supreme Court found the allegation that Lee "obviously has mental problems" a sufficient race-neutral reason such that the trial court did not abuse its discretion. *Pitchford*, 45 So. 3d at 227.

### Christopher Lamont Tillmon

The State then provided the following explanation for its strike of Mr. Tillmon:

S-3 is a black male, number 31, Christopher Lamont Tillmon. He has a brother that has been convicted of manslaughter. And considering that this is a murder case, I don't want anyone on the jury that has relatives convicted of similar offenses.

Doc. # 207-1 at 160. The trial court then questioned a bit further, asking the brother's name, to which the prosecutor responded that he did not "even remember his brother" but that, on the jury questionnaire, Tillmon "said that he had a brother convicted of manslaughter." *Id.* The trial court concluded "I find that to be race neutral." *Id.* The Mississippi Supreme Court noted that it had "recognized a juror's (or family member's) criminal history to be race-neutral reason for exercising a preemptory challenge" and found no error in the trial court's acceptance of the reason. *Pitchford*, 45 So. 3d at 227 (citations omitted).

8

### Patricia Ann Tidwell

As to Tidwell, the State submitted the following reason:

S-4 is juror number 43, a black female, Patricia Anne Tidwell. Her brother, David Tidwell, was convicted in this court of sexual battery. And her brother is now charged in a shooting case that is a pending case here in Grenada. And also, according to police officers, she is a known drug user.

Doc. # 207-1 at 160. The trial court then expounded, "[d]uring voir dire, in fact, I made a notation on my notes about her being kin to this individual. I find that to be race neutral." *Id.* The Mississippi Supreme Court could not say that the trial judge abused his discretion is finding this proffered race-neutral reason acceptable. *Pitchford*, 45 So. 3d at 227.

### Carlos Ward

Lastly, the State presented the following race-neutral explanation for striking Ward:

We have several reasons. One, he had no opinion on the death penalty. He has a two-year-old child. He has never married. He has numerous speeding violations that we are aware of. The reason that I do not want him as a juror is he is too closely related to the defendant. He is approximately the same age as the defendant. They both have never been married. In my opinion he will not be able to not be thinking about these issues, especially on the second phase. And I don't think he would be a good juror because of that.

Doc. # 207-1 at 160-161. The trial court did not probe further, finding the State's explanation "to be race neutral as well." *Id.* at 161. The Mississippi Supreme Court reasoned that it had previously "included an appendix of 'illustrative examples' of race-neutral reasons upheld by other courts which includes age and marital status" and found no error in the trial court's acceptance of this reason as race-neutral. *Pitchford*, 45 So. 3d at 226 (citation omitted).

The parties understandably spend little time addressing this step in their briefs as the explanations offered by the State were, *on their face*, race-neutral. The State averred that it struck Lee because she had mental problems; Tillmon because his brother had been convicted of manslaughter; Tidwell because her brother had a sexual battery conviction and pending charge

9

involving a shooting; and, lastly, Ward because he possessed too many similar characteristics with Pitchford. Whether the proffered reasons were true (factually accurate) or even the actual motives for the State's strikes matters not *at this stage*. A careful review of the record, even considering the totality of the circumstances, does not evince an unequivocal inherent discriminatory intent in the explanations proffered by the State. *See United States v. Bentley-Smith*, 2 F.3d 1368, 1373 (1993) (quoting *Hernandez*, 476 U.S. at 360). Thus, the Court concludes there was no error in the state courts' acceptance of the State's race-neutral reasons for striking Lee, Tillmon, Tidwell and Ward. This, however, does not end the inquiry.

### III. Purposeful Discrimination

Once the prosecution articulates acceptable race-neutral reasons for its preemptory strikes, the trial court is tasked with determining whether the defendant has sustained his burden of proving purposeful discrimination. *See Batson*, 476 U.S. at 98. During this final step, Mississippi law requires the opponent of the strike to demonstrate that the State's articulated race-neutral reasons are mere pretext for discrimination. *See, e.g., Mack v. State*, 650 So.2d 1289, 1297 (1994) (holding that the defendant's failure to raise the argument of pretext before the trial court constitutes waiver of the claim). In assessing the proffered race-neutral reasons, Mississippi courts consider the following "five indicia of pretext":

> (1) disparate treatment, that is, the presence of unchallenged jurors of the opposite race who share the characteristic given as the basis for the challenge; (2) the failure to voir dire as to the characteristic cited; . . . (3) the characteristic cited is unrelated to the facts of the case; (4) lack of record support for the stated reason; and (5) group-based traits.

10

*Lynch v. State*, 877 So.2d 1254, 1272 (Miss. 2004)(citations omitted).  The Mississippi Supreme Court has further held that "[i]f the defendant fails to rebut, the trial judge must base his decision on the reasons given by the State."  *Berry v. State*, 802 So.2d 1033, 1037 (Miss. 2001).[4]

As detailed above, when Pitchford raised his *Batson* challenge, the trial court asked the prosecution for its race-neutral reasons for striking potential jurors Lee, Tillmon, Tidwell, and Ward.  The State then provided reasons for striking those four individuals, all of which the trial court deemed race-neutral.  The trial court then full-stop ended its *Batson* analysis.  More specifically, after the State provided its justification for striking Ward, the trial court responded, "[t]he court finds that to be race neutral as well.  So now we will go back and have the defense starting at 37."  Doc. # 207-1 at 161.  Rather than turning to Pitchford and allowing him the opportunity to rebut the reasons articulated by the State, the trial court immediately continued with the juror selection conference.

On direct appeal, Pitchford argued that some of the reasons articulated by the State for its strikes of the black potential jurors were also true of white potential jurors whom the State did not strike.  *Pitchford*, 45 So.3d at 227.  Pitchford further pointed out that the State struck four of five blacks on the panel, but only three of thirty-five whites on the panel.  *Id.*  Additionally, Pitchford noted that, although it had preemptory strikes available to use, it failed to strike white panel members who shared similar characteristics to some of the black members who were struck for cause.  *Id.*  Thus, Pitchford believed the "the totality of the circumstances" demonstrated that the State used its preemptory strikes in a discriminatory manner.  *Id.*

---

[4] *See also Manning v. State,* 735 So.2d 323, 339 (Miss. 1999) (It is incumbent upon a defendant claiming that proffered reasons are pretextual to raise the argument before the trial court.  The failure to do so constitutes waiver."); *Woodward v. State*, 726 So.2d 524, 533 (Miss. 1997) ("In the absence of an actual proffer of evidence by the defendant to rebut the State's neutral explanations, this Court may not reverse on this point.").

In its analysis, the Mississippi Supreme Court gave this step short shrift. The state appellate court reasoned, "[Pitchford] did not present these arguments to the trial court during the voir dire process or during post-trial motions." *Id.* The Mississippi Supreme Court then explained it could "not now fault the trial judge with failing to discern whether the State's race-neutral reasons were overcome by rebuttal evidence and argument never presented." *Id.* The state appellate court thus concluded that, because "Pitchford failed to provide any argument concerning pretext during the *Batson* hearing[,]" it "[would] not entertain those arguments now." *Id.* at 228.

The majority in *Pitchford* implicitly found that Pitchford waived any argument regarding pretext because, it found, he did not advance a pretext argument before the trial court. This Court views the record a bit differently. Although the trial court failed to provide Pitchford an opportunity to rebut the State's explanations at the time they were made, Pitchford did raise his *Batson* challenge again after jury selection had been completed. Just seconds after the trial court read aloud the names of those selected for jury service, the following bench conference exchange occurred:

> MS. STEINER: At some point the defense is going to want to reserve both its Batson objection and a straight for Tenth Amendment racial discrimination.
>
> THE COURT: You have already made it in the record so I am of the opinion it is in the record.
>
> MS. STEINER: I don't want to let the paneling of the jury go by without having those objections.
>
> THE COURT: I think you already made those, and they are clear in the record. For the reasons previously stated, first the Court finds there to be no – well, all the reasons were race neutral as to members that were struck by the district attorney's office. And so the Court finds there to be no Batson violation. . . .
>
> MS. STEINER: Allow us to state into the record there is one of 12 – of fourteen jurors, are non-white, whereas this county is approximately, what, 40 percent?
>
> MR. BAUM (Pitchford's counsel): The county is 40 percent black.

THE COURT: I don't know about the racial makeup, but I will note for the record there is one regular member of the panel that is black, African-American race.

MS. STEINER: And only one.

THE COURT: Right. There is one period.

MS. STEINER: Right. Thank you.

Doc. # 207-1 at 166-167.   This exchange evinces an attempt by Pitchford's counsel to argue pretext that was thwarted, although likely unintentionally so, by the trial court's abrupt conclusion that there had been no *Batson* violation.  But, even if the state appellate court disagreed with that view, at the very least it is clear that Pitchford wanted to make sure his *Batson* objection *in toto* was preserved for appeal.

At the time of Pitchford's trial, *Batson* was well-settled law that the trial court was bound to uphold and apply.  Yet, it *seemingly* failed to conduct the third *Batson* inquiry.  It bears repeating the following sequence of events: first, Pitchford raised his *Batson* challenge; then, the trial court implicitly found a prima facie showing had been made by requesting race-neutral reasons from the state; the State articulated its reasons for striking Lee, Tillmon, Tidwell and Ward; the trial court deemed all explanations as sufficiently race-neutral; and that was it.  One could certainly argue that the trial court implicitly found that Pitchford failed to prove purposeful discrimination (the third *Batson* inquiry) when it later, *after* the jury was selected and announced, declared there to be no *Batson* violation.  But this Court cannot ignore the notion that  Pitchford was seemingly given no chance to rebut the State's explanations and prove purposeful discrimination.

As set forth above, the majority in *Pitchford* declined to address his arguments regarding pretext on appeal because the arguments were not presented to the trial court, essentially concluding Pitchford had waived the issue.  There is no authority from the United States Supreme Court requiring a defendant to rebut the race-neutral reasons offered by the State.  It is true that

13

Fifth Circuit precedent provides that when a defendant fails to object to the prosecutor's explanation, he acquiesces in the explanation and the reviewing court may accept the trial court's acceptance of the prosecutor's reason as race-neutral. *See Haynes v. Quarterman*, 526 F.3d 189, 200 (5th Cir. 2008)(court can accept prosecutor's race-neutral explanation if the explanation is facially valid and the defendant does not object). But Pitchford *did* object to the explanations provided when he raised the issue again and confirmed it was on the record. Perhaps Pitchford's counsel should have been more assertive, but the Court will not fault them for failing to present specific arguments on pretext when the trial court appeared to have been resolute in its brusque determination that no violation had occurred. Simply put, there was no waiver by Pitchford.

The Court finds Justice Graves' dissenting opinion in *Pitchford* persuasive. The majority declined to address Pitchford's arguments regarding pretext. Justice Graves, however, correctly determining that the issue was not waived, conducted a comprehensive pretext analysis. *See Pitchford*, 45 So.3d at 260-268.

The State struck Lee because she was fifteen minutes late, had "mental problems", and the police had made numerous calls to her house according to Captain Carver Conley. *See* Doc.# 207-1 at 159-160. Justice Graves noted that Conley was not called to testify nor did the State introduce any evidence as to Lee's alleged mental problems. *Pitchford*, 45 So.3d at 264. A potential juror's alleged mental health or police calls to their residence was never brought up as an issue prior to or during voir dire. *Id.* Further, the State did not individually voir dire Lee nor did it ask any specific questions related to these reasons. *Id.* As such, nothing *in the record* supported the State's race-neutral reasons for striking Lee. Moreover, Lee was late because she had no transportation and had to walk from her home to the courthouse. Doc. # 207-1 at 75. The State attempted to strike

14

her for cause on the basis that she was late, but the trial court declined, noting that "she is trying real hard to be here and fulfill her civic duty as a juror." *Id.* at 153.

The State struck Tillmon because he revealed on his jury questionnaire that his brother had been convicted of manslaughter. Doc. # 207-1 at 160. Tillmon, however, also indicated that he was an employed college graduate, previously worked at a correctional facility, and strongly favored the death penalty. *Pitchford*, 45 So.3d at 265. The State failed to voir dire Tillmon regarding the disclosure about this brother. *Id.* As to Tidwell, the State struck her because her brother had been convicted of sexual battery and had a pending charge in a shooting case, and because she was allegedly a known drug user. *Id.* No evidence was presented as to her brother being charged in a shooting case nor as to her being a known drug user. *Id.* Further, the State did not individually voir dire her nor ask any specific questions regarding these reasons. *Id.*

Moreover, white venire members with criminal convictions were tendered without challenge by the State. *Id.* Pitchford names two similarly-situated white jurors who were not stricken. Doc. # 208 at 20. One such venire member had disclosed that his uncle was a convicted felon (crime undisclosed), and the other had a son and stepson both convicted of felonies, burglary and forgery, in particular. *Id.* Respondents contend that the nature of the crimes committed by the juror's family members differ greatly and that accounts for the reason Tillmon was struck but the others were tendered. *See* Doc. # 212 at 21. While that may be true as to the juror who disclosed family members' burglary and forgery convictions, the other juror did not disclose the nature of his uncle's conviction. Yet, the State chose not to voir dire that juror as to the nature of the crime to be certain it was not similar in nature to the crime of which Pitchford was charged.

23-70009.18055

As to Ward, the State posited that his circumstances were too similar to that of Pitchford: he had a young child; he had never been married; and he was approximately the same age as Pitchford. The State also opined that Ward expressed no opinion on the death penalty and had a number of speeding violations. As with the three potential jurors above, the State did not individually voir dire Ward as to these stated reasons. *Pitchford*, 45 So.3d at 266. To the extent that a history of speeding violations is relevant, which the Court finds unlikely, the juror questionnaire included no questions about speeding violations and the State otherwise presented no evidence of such. *See id.* Further, nothing in the record indicates that the State sought information about traffic violations on other jurors. *Id.* The Court also notes Pitchford cites a number of potential white jurors who either had young children, were unmarried, or were of a similar age. Doc. # 208 at 16. He further points to a number of white potential jurors who shared more than one of these identified traits. *Id.* at 17. Respondents make much of the fact that those identified by Pitchford did not possess *all* of the identified characteristics. Pitchford, however, "is not required to identify an *identical* white juror for the side-by-side comparison to be suggestive of discriminatory intent. *Flowers v. Mississippi*, 588 U.S. ---, 139 S.Ct. 2228, 2249 (2019) (citing *Miller-El II*, 545 U.S. at 241, n. 6)(emphasis in original).

The Court makes no finding as to whether it ultimately agrees with Justice Graves' analysis as to each juror stricken. The Court does, however, agree that *Batson* requires that the analysis be performed. In fact, there can be no question that such an analysis must be completed prior to concluding that *Batson* has not been violated. Simply put, no state court—whether it be the majority in the Mississippi Supreme Court or the trial court—conducted a full three-step *Batson* inquiry on the State's use of its preemptory strikes of Lee, Tillmon, Tidwell and Ward.

The trial court, seemingly eager to proceed to the case itself, quickly deemed the reasons as race-neutral and moved on. The trial court's actions, perhaps understandable (and relatable to this Court), are error, nonetheless. This is equally true of the majority's declination to address the merits of Pitchford's arguments regarding pretext on appeal. To be sure, even if Pitchford had waived the issue, which the Court finds he did not, the Fifth Circuit has suggested that a defendant's failure to rebut the State's race-neutral reasons does not constitute waiver of a comparative analysis in capital cases. *See Reed v. Quarterman*, 555 F.3d 364, 372-75 (5th Cir. 2009). Thus, at a bare minimum, the Mississippi Supreme Court should have performed such an analysis, and its failure to do so was erroneous.

The Court now briefly addresses the Curtis Flowers case history, and Pitchford's reliance on it. In 1996, Curtis Flowers allegedly murdered four people in Winona, Mississippi. *Flowers v. Mississippi*, 588 U.S. ____, 139 S.Ct. 2228, 2234 (2019). Flowers was tried six separate times before a jury for murder; and each of those times, he was prosecuted by District Attorney Doug Evans, the same prosecutor in Pitchford's case. *Id.* Flowers was convicted in each of the first three trials, but the Mississippi Supreme Court reversed each conviction. *Id.* at 2235. Those convictions were reversed for the following reasons: the first due to "numerous instances of prosecutorial misconduct", *see Flowers v. State*, 773 So.2d 309, 327 (2000); the second for prosecutorial misconduct (of note, the trial court found a *Batson* violation when the prosecutor struck a black juror and seated that juror); and third, because the prosecutor had discriminated against black prospective jurors during jury selection in contravention of *Batson*, *see Flowers v. State,* 947 So.2d 910, 935 (2007). *Id.*

During Flowers' third trial, the prosecutor exercised all fifteen of his preemptory strikes on black venire members. *Flowers*, 947 So.2d at 935. One black juror was seated *but* that was after

17

the State had utilized all of its allotted preemptory strikes. *Id.* In reversing Flowers' third conviction, the Mississippi Supreme Court determined that the circumstances "present[ed] [it] with as strong a prima facie case of racial discrimination as we have ever seen in the context of a *Batson* challenge." *Id.* It further concluded that "the State engaged in racially discriminatory practices during the jury selection process" and the case "evince[d] an effort by the State to exclude African Americans from jury service." *Id.* at 937, 939.

Flowers' fourth and fifth trials ended in mistrials due to hung juries. *Flowers*, 139 S.Ct. at 2235. Flowers was convicted in his sixth, and final, trial. *Id.* During that trial, the prosecutor struck five out of six potential jurors, leaving only one black juror to serve. *Id.* The Mississippi Supreme Court rejected Flowers' *Batson* challenge on appeal. *See Flowers v. State*, 158 So.3d 1009 (2014). The United States Supreme Court, however, granted certiorari, reversed, and remanded on *Batson* grounds. *Flowers*, 139 S.Ct. at 2251.

In reversing the state appellate court, the Supreme Court looked to the history of the apparent discriminatory practices by the State in its prosecution of Flowers, as well as the circumstances of the sixth trial itself. *Id.* "In the six trials combined, the State struck 41 of 42 black prospective jurors it could have struck." *Id.* The State struck all but one black juror in the sixth trial, thus accepting one black juror, even though it had more preemptory strikes available. *Id.* at 2246. The Supreme Court reasoned that it had previously, in another case, "skeptically viewed the State's decision to accept one black juror, explaining that a prosecutor might do so in an attempt to obscure the otherwise consistent pattern of opposition to seating black jurors." *Id.* (citing *Miller-El II*, 545 U.S. at 250) (internal quotations omitted).

Pitchford relies heavily on *Flowers* in arguing the state courts erred in finding no *Batson* violation. At the time of Pitchford's trial, the State had brought Flowers to trial three times, but

only one of those times resulted in a reversal on *Batson* grounds, and that reversal did not come until *after* Pitchford's trial.  *See Flowers*, 947 So.2d 910.  Thus, at the time of Pitchford's trial, the troubling case history as set forth above by the same district attorney in the same judicial district did not exist as we know it today.  Yet, by the time Pitchford's appeal, including his *Batson* argument, made it to the Mississippi Supreme Court, the history in *Flowers*—the reversal on *Batson* grounds after the third trial in particular—was undoubtedly well-known.  *See Pitchford*, 45 So.3d 216.  As such, the Court believes the *Flowers* case was, at the very least, informative, and should have been examined in the state appellate court's consideration of Pitchford's *Batson* argument.  To be clear, the Court *does* not find that the *Flowers* case was dispositive of the issue. The Court merely believes that it should have been included in a "totality of the circumstances" analysis of the issue.  *See Chamberlin v. Fisher*, 885 F.3d 832, 843 (5th Cir.2018) (citing *Batson*, *Miller-El II*, and *Snyder v. Louisiana*, 552 U.S. 472 (2008), and noting that the "totality of the circumstances" must be considered in analyzing a *Batson* claim).

In sum, the Court believes that the state courts' rejection of Pitchford's *Batson* claim was contrary to or an unreasonable application of clearly established federal law.  *See* 28 U.S.C.§ 2254(d)(1) & (2).  Thus, the Court finds that Pitchford has demonstrated that he is entitled to federal habeas relief on his *Batson* claim.

## Conclusion

Based on the foregoing discussion, the Court finds that Pitchford's motion [207] for partial summary judgment should be **GRANTED**, and that Respondents' cross-motion [211] for partial summary judgment should be **DENIED**.  Accordingly, Pitchford's petition for a writ of habeas corpus *as to this claim* is **GRANTED**.  Pitchford's capital murder conviction and death sentence are hereby vacated, and the matter is remanded to the State of Mississippi for further

23-70009.18059

proceedings not inconsistent with this opinion.  The State of Mississippi must afford Pitchford a new trial within 180 days of the date of this order, otherwise it must release Pitchford from custody.

**SO ORDERED,** this the 12th day December, 2023.

/s/ Michael P. Mills
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI

20

# TAB
# 5

Excerpt of Voir Dire Transcript

*Peremptory Challenges*

1          MR. BAUM: Your Honor, we accept number 2.

2          THE COURT: No. S-1 is number 2. The next one

3  is number six.

4          MR. BAUM: Number 6. We accept number 6.

5  Number 9 will be D-1. We accept number 10. Number 11

6  will be D-2. Number 13 will be D-3.

7          MR. EVANS: Hold on just a second, Ray.

8     I'm sorry, Ray. Go ahead.

9          MR. BAUM: Okay. Number 17 will be D-4.

10  Number 19 will be D-5. Number 20 will be D-6. Number

11  26. We accept number 26. We accept number 27. Number

12  28 will be D-8 -- D-7. We accept 29.

13          THE COURT: Okay. We need the State to now

14  tender seven more.

15          MR. EVANS: Okay. Thirty will be S-2.

16  Thirty-one will be S-3. Tender 37. Tender 38.

17  Forty-three will be S-4. Tender 44. Forty-eight will be

18  S-5. Tender 51. Fifty-four will be S-6. Tender 59.

19  Tender number 60. And tender number 61.

20          MS. STEINER: If the Court please, at this

21  point, we on the basis of State's objections S-2 to juror

22  30, S-3 to juror 31, S-4 to 43, S-5 to 48, we would -- we

23  would raise an --

24          MR. CARTER: S-6. I think S-6 is 52.

25          MS. STEINER: No. No. She is out already.

26          MR. CARTER: Oh, I'm sorry.

27          MS. STEINER: We would object on the grounds of

28  *Batson versus Kentucky* that it appears there is a pattern

29  of striking almost all of the available African-American

*Peremptory Challenges*

1    jurors.   They have tendered one African-American juror

2    out of the five that have thus far -- four that have thus

3    far arisen on the venire.   As we had noted previously,

4    due to the process of cause challenges, particularly

5    death qualification challenges, this is already a

6    disproportionally white jury for the population of this

7    county.   And we make a Batson challenge.   It appears to

8    be a pattern of disproportionately challenging

9    African-American jurors.

10        And I would invite the Court's attention to the

11   United States Supreme Court case.   The most recent

12   *Miller-El versus Dretke* case in which the United States

13   Supreme Court on habeas actually reversed a conviction

14   where the prosecutors had used most, though not all, of

15   their strikes.   They had left either one or two black

16   jurors on the venire, but the United States Supreme Court

17   nonetheless reversed.

18            THE COURT:   I'll hear from the State.

19            MR. EVANS:   Strike number S-1 is a white

20   female.

21            THE COURT:   I didn't know if you had any, any

22   -- so the State is prepared to go forward with race

23   neutral reasons.

24            MR. EVANS:   Yes, sir.   If the Court would like

25   for us to.

26            THE COURT:   I think it would be appropriate

27   given the number of black jurors that were struck.

28        And does counsel want the State to give race neutral

29   as to all or just as to the individual -- there were, I

23-70009.17955

1   understand, four black jurors.  And I don't know if

2   the State -- if the defense wants the State to put

3   forward race neutral as to all or just to the minority

4   members.

5          MS. STEINER:  Well, Your Honor --

6          THE COURT:  A lot of times on Batson I just

7   have the State gave race neutral as to all.

8          MS. STEINER:  I think the jurisprudence speaks

9   for itself.

10          THE COURT:  If your objection is just as to

11  members of the black panel -- black jurors, then I will

12  just have the State go forward and give them as to black

13  members of the panel.

14          MS. STEINER:  Your Honor, I think the

15  jurisprudence simply states that the Court must make a

16  determination on the basis of all relevant circumstances

17  to racial discrimination.

18          THE COURT:  I'll have the State give race

19  neutral reasons.

20          MR. EVANS:  All right.  Your Honor, number one

21  was a white female.  If I understood what the Court's

22  ruling, the Court is wishing us to give race-neutral

23  reasons on the black jurors; is that correct?

24          THE COURT:  Well, I mean if you strike a white

25  juror, I don't think that is a pattern of any race

26  discrimination.

27          MR. EVANS:  Yes, sir.  S-2 is black female,

28  juror number 30.  She is the one that was 15 minutes

29  late.  She also, according to police officer, police

*Peremptory Challenges*

1    captain, Carver Conley, has mental problems.  They have

2    had numerous calls to her house and said she obviously

3    has mental problems.

4         Juror number S-3 --

5              THE COURT:  That would be race neutral as to --

6    as to that juror.

7              MR. EVANS:  S-3 is a black male, number 31,

8    Christopher Lamont Tillmon.  He has a brother that has

9    been convicted of manslaughter.  And considering that

10   this is a murder case, I don't want anyone on the jury

11   that has relatives convicted of similar offenses.

12             THE COURT:  What was his brother's name?

13             MR. EVANS:  I don't even remember his brother.

14   He said that he had a brother convicted of manslaughter.

15             THE COURT:  On that jury questionnaire?

16             MR. EVANS:  Yes, sir.

17             THE COURT:  I find that to be race neutral.

18   And you can go forward.

19             MR. EVANS:  S-4 is juror number 43, a black

20   female, Patricia Anne Tidwell.  Her brother, David

21   Tidwell, was convicted in this court of sexual battery.

22   And her brother is now charged in a shooting case that is

23   a pending case here in Grenada.  And also, according to

24   police officers, she is a known drug user.

25             THE COURT:  During voir dire, in fact, I made a

26   notation on my notes about her being kin to this

27   individual.  I find that to be race neutral.

28             MR. EVANS:  Juror number 5 is juror number 48

29   on the list, a black male, Carlos Ward.  We have several

23-70009.17957

1    reasons.  One, he had no opinion on the death penalty.

2    He has a two-year-old child.  He has never been married.

3    He has numerous speeding violations that we are aware of.

4         The reason that I do not want him as a juror is he

5    is too closely related to the defendant.  He is

6    approximately the age of the defendant.  They both have

7    children about the same age.  They both have never been

8    married.  In my opinion he will not be able to not be

9    thinking about these issues, especially on the second

10   phase.  And I don't think he would be a good juror

11   because of that.

12        THE COURT:  The Court finds that to be race

13   neutral as well.  So now we will go back and have the

14   defense starting at 37.

15        MR. BAUM:  37 is --

16        MS. STEINER:  Is that eight, Your Honor?

17        MR. BAUM:  Are we up to eight?

18        THE COURT:  You have used seven strikes.  You

19   have five left.

20        MR. BAUM:  Thirty-seven is D-8.  We accept 38.

21   Forty-four will be D-9.  Fifty-one will be D-10.  Accept

22   59.  We accept 60.  We accept 61.

23        THE COURT:  Okay.  I need three more tendered.

24        MR. EVANS:  State will tender 64.  Tender 65.

25   And tender 67.

26        MS. STEINER:  Your Honor, the tendered juror 64

27   is the spouse of another juror, and I had thought we were

28   going to deal with not -- with excusing spouse -- at

29   least one of each spouse.  Are we going to flip a coin

23-70009.17968

*Peremptory Challenges*

1    for that?

2            THE COURT: Sixty-four was the first one that

3    came up so that one has been tendered. So, you know --

4            MS. STEINER: Will we treat it as having struck

5    -- I think she is juror --

6            MR. EVANS: Nobody is struck yet.

7            MS. STEINER: Seventy-nine is his spouse.

8            THE COURT: We will take 79 up in a minute.

9    Right now the ones that are tendered are --

10           MR. EVANS: That is not the couple that said --

11           THE COURT: It was actually a couple that had a

12    ten-year-old child at home that said that one of them

13    needed to be with that child. That is one -- the ones

14    that this morning that everybody when we went through the

15    qualifications had assured them that one of them would be

16    home to take care of the child. This is the couple that

17    did not indicate they had any children at home or

18    anything that would interfere with them both serving.

19    So again, we've got 64, 65 and 67 tendered as

20    present. I believe two strikes left by the defense --

21    for the defense.

22           MR. BAUM: We accept number 64, Your Honor.

23    Number 65 will be D-11. Number 67 will be D-12.

24           THE COURT: We need two more tendered by the

25    State.

26           MR. EVANS: Give me just one second, Your

27    Honor.

28           THE COURT: Okay.

29           MR. EVANS: Number 70.

*Peremptory Challenges*

1          THE COURT:  You got 69.

2          MR. EVANS:  You struck that for cause, Your

3    Honor.

4          THE COURT:  Right.  I neglected to write

5    through that.  I wrote out there cause.

6          MR. EVANS:  Seventy will be S-7.  We will take

7    73 and 74.

8          THE COURT:  That puts 73 and 74 on the panel

9    since the defense is out of strikes.

10       I will now have the State tender two alternates.

11         MR. EVANS:  Tender 77 and 78.

12         MS. STEINER:  Your Honor, will there be strikes

13   on the alternate?

14         THE COURT:  You get two strikes, the same

15   number of strikes as you do alternates.  So you do have

16   two strikes.

17         MR. BAUM:  Number 77 will be D-A-1.  We accept

18   number 78 as an alternate.

19         THE COURT:  State to tender one more alternate.

20         MR. BAUM:  Your Honor, 79 is the wife of the

21   juror picked.  I am not clear on that, whether she was

22   going to be excused because of that.

23         THE COURT:  We will see if the State tenders.

24         MR. EVANS:  I don't have any problem with

25   agreeing to just strike her since the husband is already

26   --

27         THE COURT:  Is that agreeable to the defense?

28         MR. BAUM:  Yes, sir, Your Honor.

29         THE COURT:  Okay.

1          MR. EVANS:  All right.  So that gives me -- we

2   will tender 82.

3          MR. BAUM:  We accept 82, Your Honor.

4          THE COURT:  Eighty-two will now be the

5   alternate, second alternate.

6      Let me now read what I show my list to show who the

7   jurors are.  If I have missed something, I definitely

8   want you to speak up.

9      I show Andrea Louise Richardson, number 7.  Chad

10  Kirk.

11         MR. EVANS:  Six.

12         THE COURT:  I'm sorry.  Six.  I got the name

13  right and number wrong.

14     Andrea Louise Richardson, number 6.  Chad Kirk

15  Eskridge, number 10.  Johnny Clifton Stewart, 26.  Mary

16  Kathyren McCluney, number 27.  Laura Candida Ward, number

17  29.  Mary Wylene Brewer, number 38.  Then Sidney Eugene

18  Hendricks, number 59.  Leonard Jones, number 60.  Gloria

19  Gean Howell, number 61.  William Fred Johnson, number 64.

20  David Little, number 73.  Jeffrey Shane Counts, 74.  And

21  then the alternates, Nathalie Drake Tramel, number 78;

22  and Lisa Shirley Wilburn, number 82.

23     Do both sides show that?

24         MR. EVANS:  Yes, sir, Your Honor.

25         MR. BAUM:  Yes, sir.

26         THE COURT:  Those of you in the courtroom, if

27  you will, have the a seat in the back of the courtroom

28  until the jury has been seated.  Then you can move

29  wherever you want.

330

*Jury Impaneled*

1    You can bring them in.

2    (THE JURY RETURNED TO THE COURTROOM.)

3    THE COURT:  Court will come back to order.  As

4    your names are called, if you would, come forward please

5    and take a seat in the jury box.  You have been selected

6    as jurors to try the case.  Andrea Louise Richardson.

7    Chad Kirk Eskridge.  Johnny Clifton Stewart.  Mary

8    Catherine McCluney.  Laura Candida Ward.  Mary Wylene

9    Brewer.  Sidney Eugene Hendricks.  Leonard Jones.  Gloria

10   Gean Howell.  William Fred Johnson.  David Little.

11   Jeffrey Shane Counts.

12   And the next two, you will be the alternates.  What

13   happens is we have 12 regular panel members.  But should

14   one of them fall sick or have some reason where they had

15   to be discharged during the course of their service, we

16   would move the first alternate up.  And then if we had a

17   second juror that had to be dismissed, excused for

18   something, then the second alternate would be moved up in

19   that place.

20   So the alternates are Nathalie Drake Tramel.  If you

21   will, come forward and have a seat.  And then Lisa

22   Shirley Wilburn.

23   JUROR NATHALIE TRAMEL:  Are the alternates

24   sequestered?

25   THE COURT:  Yes ma'am.

26   Ladies and gentlemen, you are welcome to remain and

27   view the proceeding but you certainly are free to go at

28   this time.  I do appreciate your attendance and your

29   service here today.

*Bench Conference*

1        MS. STEINER:  Your Honor, may we approach?

2    (MR. EVANS, MR. HILL, MR. CARTER, MR. BAUM AND MS.

3  STEINER APPROACHED THE BENCH FOR THE FOLLOWING BENCH

4  CONFERENCE HAD OUTSIDE THE HEARING OF THE JURY.)

5        MS. STEINER:  At some point the defense is

6    going to want to reserve both its Batson objection and a

7    straight for Tenth Amendment racial discrimination.

8        THE COURT:  You have already made it in the

9    record so I am of the opinion it is in the record.

10        MS. STEINER:  I don't want to let the paneling

11    of the jury go by without having those objections.

12        THE COURT:  I think you already made those, and

13    they are clear in the record.  For the reasons previously

14    stated, first the Court finds there to be no -- well, all

15    the reasons were race neutral as to members that were

16    struck by the district attorney's office.  And so the,

17    the Court finds there to be no Batson violation.

18        And then as to the other issues, the Court has

19    already ruled that based on prior rulings from the United

20    States Supreme Court and the State of Mississippi that

21    jury selection was appropriate.

22        As I say, they are noted for the record.

23        MS. STEINER:  Allow us to state into the record

24    there is one of 12 -- of fourteen jurors, are non-white,

25    whereas this county is approximately, what, 40 percent?

26        MR. BAUM:  The county is 40 percent black.

27        THE COURT:  I don't know about the racial

28    makeup, but I will note for the record there is one

29    regular member of the panel that is black,

23-70009.17963

*Jury and Bailiffs Administered the Oath*

1    African-American race.

2              MS. STEINER:  And only one.

3              THE COURT:  Right.  There is one period.

4              MS. STEINER:  Right.  Thank you.

5    (THE BENCH CONFERENCE WAS CONCLUDED.)

6              THE COURT:  Ladies and gentlemen, if you will,

7    please stand now and the clerk will swear you in at this

8    time.  If you will, raise your right hands and be sworn.

9              CIRCUIT CLERK:  Do you solemnly swear or affirm

10   that you will well and truly try the issues between the

11   State of Mississippi and the defendant, Terry Pitchford,

12   cause number 2005-009-CR, and a true verdict give

13   according to the evidence and the law, so help you God?

14             JURY PANEL:  I do.

15             THE COURT:  You can be seated.

16        If the bailiffs will come forward.  I need the

17   bailiffs to be sworn in at this time by the clerk as

18   well.

19   (THE BAILIFFS APPROACHED THE BENCH.)

20             THE COURT:  If you will, raise your right hand.

21             CIRCUIT CLERK:  Do you solemnly swear to attend

22   on this jury in cause number 2005-009-CR, State of

23   Mississippi versus Terry Pitchford, and perform such

24   duties as the Court may prescribe for you, so help you

25   God?

26             THE BAILIFFS:  I do.

27             THE COURT:  The rule is invoked at this time.

28   If there are any witnesses in the courtroom that are

29   expected to be called during the course of the trial,

23-70009.17964

**CERTIFICATE OF SERVICE**

I, Allison K. Hartman, hereby certify that a true and correct copy of the foregoing record excerpts has been filed with the Clerk of Court using the Court's electronic filing system, which sent notification of such filing to all counsel of record.

Dated: February 26, 2024

<div align="right">

*s/Allison K. Hartman*
Allison K. Hartman
*Counsel for Respondents-Appellants*

</div>