Case No. 23-70009

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

Terry Pitchford,
*Petitioner-Appellee*,

v.

Burl Cain, Commissioner, Mississippi Department of Corrections; Lynn Fitch, Attorney General for the State of Mississippi,
*Respondents-Appellants*.

Appeal from the United States District Court
For the Northern District of Mississippi
No. 4:18-cv-00002-MPM

## PETITIONER-APPELLEE'S MOTION TO CLARIFY

Joseph J. Perkovich
Phillips Black, Inc.
PO Box 3547
New York, NY 10008
(212) 400-1660
j.perkovich@phillipsblack.org

Joseph C. Welling
Phillips Black, Inc.
100 N. Tucker Blvd., Ste. 750
St. Louis, MO 63101
(314) 629-2492
j.welling@phillipsblack.org

J. Scott Gilbert
Watkins & Eager PLLC
The Emporium Building
400 East Capitol Street
Jackson, MS 39201
(601) 965-1922
sgilbert@watkinseager.com

*Attorneys for Petitioner-Appellee*

Petitioner-Appellee, Mr. Pitchford, by undersigned counsel, respectfully moves this Court for clarification of its order directing the District Court to "RENDER judgment dismissing Pitchford's petition." Doc. 87-1 (hereinafter "Opinion") at 14.

Pitchford's *First Amended Petition for Writ of Habeas Corpus by a Person in State Custody*) has yet to be fully pleaded or finally decided. District Court Dkt. 203 ("*Amended Petition*"). The District Court's grant of partial summary judgment to Pitchford was the subject of the appeal to this Court, not Pitchford's entire application for relief comprising the *Amended Petition*. The undersigned believe this language in the Opinion appears due to a clerical oversight and could not reflect a reasoned position of this Court. Accordingly, counsel sought guidance of the Clerk of the Court who suggested moving for clarification. Because this matter is not substantive—but important—clarification is hereby sought separately from Pitchford's petition for panel rehearing, to be filed by January 16, 2025, pursuant to Fed. R. App. P. Rule 40(d)(1).

## RELEVANT BACKGROUND

On February 13, 2023, following extensive discovery under Rule 6 of the Rules Governing Section 2254 Cases in the United States District

1

Courts, Pitchford filed his *First Amended Petition for Writ of Habeas Corpus by a Person in State Custody*, raising twenty-six discrete claims for relief in this case (many with multiple discrete subclaims). Dkt. 203 (ROA.17459–783).

Per the District Court's scheduling, Pitchford then filed a motion for partial summary judgment, made in the interest of judicial economy and justice given the merits of that claim and the extreme complexity of the habeas corpus litigation more widely, concerning the exhausted portion of a single claim for relief pursuant to *Batson v. Kentucky*, 476 U.S. 79 (1986), based solely on the state court record. Dkt. 207 (ROA.17794–95). In response, the State cross-moved for partial summary judgment on the same single claim. Dkt. 212 at 7, 22 (ROA.18004, ROA.18019).

In granting Mr. Pitchford's motion and denying the cross motion, the District Court carefully specified it was granting the writ "*as to this claim*" and thereby disposing of no other part of the *Amended Petition*. Dkt. 216 at 19 (ROA.18059) (emphasis in original).

The State appealed to this Court and in their Opening Brief correctly characterize the motions as "cross-motions for partial summary

2

judgment." Doc. 33 at 21. They further made clear that Pitchford's *Amended Petition* "raised many claims challenging his conviction and sentencing, including a *Batson* claim." *Id*. None of the other claims were the subject of this appeal. In its prayer for relief, the Opening Brief requested this Court "reverse, or at least vacate, the district court's judgment granting habeas relief." *Id*. at 41. Of course, nowhere did the opening brief mention dismissal of Pitchford's entire federal habeas corpus application or otherwise address any of the other petition claims. Thus, given the absence of the *Amended Petition'*s disposal, apart from a single record-based *Batson* claim, this Court lacks jurisdiction over the balance of the *Amended Petition*. *See* Fed. R. App. P. Rule 3; 28 U.S.C. §§ 1291 & 1292.

Further, the District Court's above-referenced scheduling order, entered January 31, 2023, contemplated extensive proceedings in the event Pitchford did not prevail in his partial summary judgment. Dkt. 199 (ROA.11120–22). The pleadings, motion, and briefing scheduling set forth therein emanated from earlier orders throughout the litigation. *See* Dkts. 57, 191, 193 (ROA.1657–59, ROA.11083–90, ROA.11095–96). The scheduling sets forth, in the event of Pitchford's failure in his partial

summary judgment motion, a date to move to stay and hold in abeyance the action to permit exhaustion of state remedies, the State's eventual answer to the *Amended Petition*, Pitchford's reply to same, and the parties' subsequent memoranda of law supporting their positions. Dkt. 199 (ROA.11120–22).

## CONCLUSION

For the foregoing reasons, Pitchford respectfully requests this Court clarify its Opinion to denote that it has only reversed the District Court's grant of a writ of habeas corpus pursuant to Pitchford's partial summary judgment motion concerning a single claim for relief, among multiple such claims in his *Amended Petition*, and that it remands the case to the District Court for further proceedings.

    Respectfully submitted by,

    */s/ Joseph J. Perkovich*
    Joseph J. Perkovich
    Phillips Black, Inc.
    PO Box 3547
    New York, NY 10008
    (212) 400-1660

    */s/ J. Scott Gilbert*
    J. Scott Gilbert
    Watkins & Eager PLLC
    The Emporium Building
    400 East Capitol Street

Jackson, MS 39201
(601) 965-1922

# CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of January, 2025, the foregoing motion has been filed with the Clerk of the Court using the Court's electronic filing system and thereby sending notification of such filing to all counsel of record.

        */s/ Joseph J. Perkovich*
        Joseph J. Perkovich
        Counsel for Petitioner/Appellee, Terry Pitchford