# PHILLIPS BLACK, INC.

a nonprofit, public interest law practice

JOSEPH J. PERKOVICH
PO Box 3547
New York, New York 10008

j.perkovich@phillipsblack.org
212 400 1660 (tel)
973 553 4196 (fax)

Principal Attorneys:
Jennifer Merrigan†
John R. Mills‡
Joseph J. Perkovich⸰
Jessica Sutton^

January 24, 2024

VIA CM/ECF
Lyle W. Cayce, Clerk of the Court
U.S. Court of Appeals for the Fifth Circuit

Re: *Pitchford v. Cain*, No. 23-70009
Supplemental authority per Fed. R. App. P. 28(j)

Dear Mr. Cayce,

Counsel for Mr. Pitchford, pursuant to Rule 28(j), hereby cites new authority supplementing his petition for panel rehearing with a capital case recently decided by the Supreme Court, *Andrew v. White*, No. 23-6573, 2025 WL 247502 (U.S. Jan. 21, 2025). Relying primarily on *Lockyer v. Andrade*, 538 U.S. 63, 71–72 (2003), this per curiam opinion clarifies that for purposes of AEDPA, federal law is clearly established by any holding of the Court, that a legal rule or principle on which the Court relies is a holding, and that the holding is not limited to the facts of the precedential case. *Id*. at *3–4. Further, *Andrew* explains that a federal court of appeals opinion finding the state court adjudication to be not unreasonable under AEDPA deference because there is no clearly established federal law confuses two distinct analyses. *Id.* at *4.

In *Andrew*, the Court clarifies that *Payne v. Tennessee*, 501 U.S. 808 (1991) (addressing admissibility of certain types of victim impact statements at capital sentencing), relied on the principle that the Due Process Clause prohibits the unfair admission of prejudicial evidence. *Id*. at *6.

Similarly, here, *Miller-El v. Dretke*, 545 U.S. 231 (2005), relied on the underlying principle that the Equal Protection Clause requires consideration of all relevant evidence in the record in the third step of analysis under *Batson v. Kentucky,* 476 U.S. 79 (1986), even if not argued at trial. As discussed in the petition for rehearing, the dissent in *Miller-El* throws this into stark relief in raising the contrary unavailing position. Doc. 96 at 3–5. As per the Court's ruling in *Andrew*, the mere fact that the Court's opinion in *Miller-El* did not discuss this underlying principle does not negate that it is a holding of the case.

Sincerely,

*/s Joseph J. Perkovich*
Counsel for Mr. Pitchford

CC: Joseph C. Welling
Allison K. Harman, counsel for Respondents-Appellants (served via ECF system)

† Admitted in Missouri and Pennsylvania
‡ Admitted in Arizona, California and North Carolina
** Admitted in New York
^ Admitted in Massachusetts and Missouri